E. JOSEPH CONNAUGHTON (SBN 166765)
jconnaughton@paulplevin.com
EVAN A. PEÑA (SBN 268510)
epena@paulplevin.com
KELLY E. KAGAN (SBN 336189)
kkagan@paulplevin.com
**PAUL, PLEVIN, SULLIVAN & CONNAUGHTON LLP**
101 West Broadway, Ninth Floor
San Diego, California 92101-8285
Telephone: 619-237-5200
Facsimile: 619-615-0700

Attorneys for Defendant National Steel and Shipbuilding Company

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DREW MARTINEZ, an individual, on behalf of himself and on behalf of all persons similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>NATIONAL STEEL AND SHIPBUILDING COMPANY, a Corporation; and Does 1 through 50, Inclusive,<br><br>Defendants. | Case No. **'21CV0665 BEN LL**<br><br>**DEFENDANT'S NOTICE OF REMOVAL UNDER 28 U.S.C. § 1331 AND 1441**<br><br>**(FEDERAL QUESTION)**<br><br>[Superior Court of the State of California, County of San Diego Case No. 37-2021-00003396-CU-OE-CTL] |

TO THE CLERK OF THE ABOVE-ENTITLED COURT, AND TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that defendant National Steel and Shipbuilding Company ("NASSCO") hereby removes this action from the Superior Court of California for the County of San Diego, to this Court. The state court action is a civil action over which this Court has original jurisdiction under 28 USC section 1331 (federal question), and may be removed to this Court pursuant to 28 USC section 1441.

## I.
## CASE HISTORY

1. On January 25, 2021, Plaintiff Drew Martinez ("Martinez"), a former employee of NASSCO, filed an action in the Superior Court for the County of San Diego: *Drew Martinez v. National Steel and Shipbuilding Company*, Case No. 37-2021-00003396-CU-OE-CTL.

2. NASSCO was not served with the Summons, Complaint, or other required documents until March 17, 2021. On April 13, 2021, NASSCO filed a Notice of Related Case pursuant to California Rule of Court 3.300, regarding a case that Martinez, along with a current NASSCO employee, Tyon Hood, filed against it in San Diego County Superior Court, for effectively the same wage and hour violations alleged in this case, but under the California Private Attorneys General Act or "PAGA" (Case No. 37-2021-00007644-CU-OE-CTL). A true and correct copy of the Complaint in this matter is attached as Exhibit A. A true and correct copy of the Proof of Service of Summons is attached as Exhibit B. A true and correct copy of the Notice of Related Case is attached as Exhibit C.

3. Other than the attached exhibits, NASSCO is not aware of any other documents in the State Court case file.

/ / /

/ / /

## II.

## FEDERAL QUESTION JURISDICTION

4. Federal district courts have original jurisdiction over actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Cases where this Court has original jurisdiction are removable under 28 U.S.C. section 1441. NASSCO may remove this matter because Martinez's employment, and that of the other NASSCO employees he purports to represent, require the interpretation of a collective bargaining agreement ("CBA"), and is thus subject to section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. section 185.

5. Generally, removal to this Court requires that the federal question be apparent on the face of the complaint. *Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 807–08 (1986) (citation omitted). "Congress has, however, created certain exceptions to that rule." *Beneficial National Bank v. Anderson*, 539 U.S. 1, 6 (2003). "We have also construed [section] 301 of the Labor Management Relations Act, 1947 (LMRA), 29 U.S.C. § 185, as not only pre-empting state law but also authorizing removal of actions that sought relief only under state law." *Id.* at 6–7 (citing *Avco Corp. v. Machinists,* 390 U.S. 557 (1968)).

6. The Supreme Court "later explained [*Avco*] as resting on the unusually 'powerful' pre-emptive force of [section] 301: . . . '*Avco* stands for the proposition that if a federal cause of action completely pre-empts a state cause of action[,] any complaint that comes within the scope of the federal cause of action necessarily "arises under" federal law.'" *Ibid.* (citing *Franchise Tax Board of State of California v. Construction Laborers Vacation Trust for Southern California*, 463 U.S. 1, 23–24 (1983)). "Thus, a state claim may be removed to federal court . . . when a federal statute wholly displaces the state-law cause of action through complete pre-emption." *Id.* at 8. "When the federal statute completely pre-empts the state-law cause of action, a claim which comes within the scope of that cause of

action, even if pleaded in terms of state law, is in reality based on federal law. This claim is then removable under 28 U.S.C. [section] 1441(b), which authorizes any claim that 'arises under' federal law to be removed to federal court." *Ibid.* Lastly, section 301 applies when the claim is "inextricably intertwined" with a CBA. *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 213 (1985).

7. Here, Martinez alleges unfair competition in violation of California Business and Professions Code section 17200, *et seq.*, as well as various alleged violations of the California Labor Code. *See* Ex. A at 1. The terms of Martinez's employment, however, are governed by an extremely detailed CBA that addresses the issues raised in this lawsuit. *See* Ex. D; Request for Judicial Notice; Declaration of Connie Lundgren at ¶ 2. Because Martinez's claims are all based on alleged wage and hour violations that are specifically governed by this CBA, his claims are therefore also inextricably intertwined with the CBA:

- Failure to pay overtime wages. Ex. D at 11–13 (Art. 7: Overtime).
- Failure to pay minimum wages. *Id.* at 6–9 (Art. 5: Wages/Pay).
- Failure to provide required meal periods. *Id.* at 9–11 (Art. 6: Hours of Work).
- Failure to provide required rest periods. *Id.* at 9–11 (Art. 6: Hours of Work).
- Failure to provide accurate itemized wage statements (derivative of the claims above, *see* Ex. A at ¶¶ 95–98).
- Failure to provide wages when due (derivative of the claims above, *see* Ex. A at ¶¶ 99–106).
- Unfair competition in violation of California Business and Professions Code section 17200, *et seq.* (derivative of the claims above, *see* Ex. A at ¶¶ 40–54).

8. Because resolving Martinez's claims require interpretation of the CBA, which is purely a question of federal law, his Complaint is therefore removable pursuant to 29 U.S.C. section 185 and 28 U.S.C. sections 1331 and 1441(b).

/ / /

/ / /

## III.

## SUPPLEMENTAL JURISDICTION OVER ANY REMAINING CLAIMS UNDER CALIFORNIA LAW

9. As previously discussed, the LMRA effectively displaces all of Martinez's state law claims because these alleged wage and hour violations involve the terms of his employment, such as overtime and meal periods, that are governed in the CBA. Thus, this lawsuit is really a case under the LMRA to determine whether the terms of the CBA were violated. If, however, this Court disagrees and finds that one or more of Martinez's claims involve a condition of employment not set by the CBA, this Court nonetheless has supplemental jurisdiction over that state law claim(s). So long as the Complaint sets forth at least one claim arising under federal law, this Court may exercise supplemental jurisdiction to adjudicate those state law claims that "form the same case or controversy." 28 U.S.C. § 1367(a); *see also* 28 U.S.C. § 1441(c) ("[T]he entire action may be removed" because the "civil action includes . . . a claim arising under the Constitution, laws, or treaties of the United States."). State law claims fall within the Court's supplemental jurisdiction when they share a "common nucleus of operative fact" with the federal claims, such that the plaintiff "would ordinarily be expected to try them all in one judicial proceeding." *United Mine Workers of America*, 383 U.S. 715, 725 (1966); *see also Beneficial National Bank*, 539 U.S. at 8 n.3 (explaining that federal courts have supplemental jurisdiction over state law claims when section 301 applies because, "[o]f course, a state claim can also be removed through the use of the supplemental jurisdiction statute, 28 U.S.C. § 1367(a), provided that another claim in the complaint is removable.").

10. Here, Martinez's state law claims arise out of a common nucleus of operative fact—his wages, hours, meal and rest periods, and other, derivative, wage and hour claims regarding his non-exempt (hourly) employment with NASSCO. Thus, to the extent this Court finds that one or more of Martinez's claims is not

1  preempted under section 301, this Court still has supplemental jurisdiction over that
2  state law claim(s) because they all involve Martinez's wages and hours while
3  employed by NASSCO.
4      11.   Further, Martinez's claims do not raise novel or complex issues of state
5  law, as the Ninth Circuit and its district courts regularly interpret the California
6  Labor Code and Business and Profession Code sections 17200, *et seq.* *See, e.g.,*
7  *Jimenez v. Allstate Ins. Co.*, 765 F.3d 1161, 1163 (9th Cir. 2014) (plaintiffs alleged
8  violations of various California Labor Code sections and "unfair competition in
9  violation of California Business and Professions Code [section] 17200"); *Leyva v.*
10 *Medline Industries Inc.*, 716 F.3d 510, 511 (9th Cir. 2013) (plaintiffs alleged
11 violations of the California Labor Code, a California wage order, and Business and
12 Professions Code section 17200); *Sullivan v. Oracle Corp.*, 662 F.3d 1265, 1270–71
13 (9th Cir. 2011) (same).  Furthermore, any non-preempted claims do not predominate
14 over Martinez's claims for alleged violations of the CBA, because they all involve
15 the wages and hours of his NASSCO employment.  Nor are there any exceptional
16 circumstances or other compelling reasons for this Court to decline supplemental
17 jurisdiction.  *See* 28 U.S.C. § 1367(c).  Accordingly, removal is proper under 28
18 U.S.C. section 1441(c), and this Court may exercise supplemental jurisdiction over
19 any remaining state law claims.
20 / / /
21 / / /
22 / / /
23 / / /
24 / / /
25 / / /
26 / / /
27 / / /
28 / / /

1     WHEREFORE, NASSCO prays the above action now pending against it in the Superior Court for the County of San Diego be removed therefrom to this Court.

Dated: April 15, 2021

PAUL, PLEVIN, SULLIVAN & CONNAUGHTON LLP

By:     /s/ E. Joseph Connaughton
E. JOSEPH CONNAUGHTON
EVAN A. PEÑA
KELLY E. KAGAN
Attorneys for Defendant National Steel and Shipbuilding Company