# NOTICE OF REMOVAL
## TABLE OF CONTENTS

| Exhibit | Description | Date | Page No. |
|---------|-------------|------|----------|
| A | A true and correct copy of the Complaint filed against NASSCO in San Diego County Superior Court (Case No. 37-2021-00003396-CU-OE-CTL). | 01/25/2021 | 1 |
| B | A true and correct copy of the Proof of Service of Summons for the Complaint filed against NASSCO in San Diego County Superior Court (Case No. 37-2021-00003396-CU-OE-CTL). | 03/25/2021 | 44 |
| C | A true and correct copy of the Notice of Related Case filed in San Diego Superior Court. | 04/13/2021 | 46 |

869635.1

# EXHIBIT A

**BLUMENTHAL NORDREHAUG BHOWMIK DE BLOUW LLP**
  Norman B. Blumenthal (State Bar #068687)
  Kyle R. Nordrehaug (State Bar #205975)
  Aparajit Bhowmik (State Bar #248066)
  Nicholas J. De Blouw (State Bar #280922)
2255 Calle Clara
La Jolla, CA 92037
Telephone: (858)551-1223
Facsimile: (858) 551-1232
Website: www.bamlawca.com

Attorneys for Plaintiff

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**01/25/2021** at 07:18:18 PM

Clerk of the Superior Court
By Richard Day, Deputy Clerk

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## IN AND FOR THE COUNTY OF SAN DIEGO

DREW MARTINEZ, an individual, on behalf of himself and on behalf of all persons similarly situated,

        Plaintiff,

vs.

NATIONAL STEEL AND SHIPBUILDING COMPANY, a Corporation; and Does 1 through 50, Inclusive,

        Defendants.

Case No. 37-2021-00003396-CU-OE-CTL

**CLASS ACTION COMPLAINT FOR:**

1.  UNFAIR COMPETITION IN VIOLATION OF CAL. BUS. & PROF. CODE §§ 17200, *et seq.*;
2.  FAILURE TO PAY OVERTIME WAGES IN VIOLATION OF CAL. LAB. CODE §§ 510, *et seq.*;
3.  FAILURE TO PAY MINIMUM WAGES IN VIOLATION OF CAL. LAB. CODE §§ 1194, 1197 & 1197.1;
4.  FAILURE TO PROVIDE REQUIRED MEAL PERIODS IN VIOLATION OF CAL. LAB. CODE §§ 226.7 & 512 AND THE APPLICABLE IWC WAGE ORDER;
5.  FAILURE TO PROVIDE REQUIRED REST PERIODS IN VIOLATION OF CAL. LAB. CODE §§ 226.7 & 512 AND THE APPLICABLE IWC WAGE ORDER;
6.  FAILURE TO PROVIDE ACCURATE ITEMIZED STATEMENTS IN VIOLATION OF CAL. LAB. CODE § 226;
7.  FAILURE TO PROVIDE WAGES WHEN DUE IN VIOLATION OF CAL. LAB. CODE §§ 201, 202 AND 203.

**DEMAND FOR A JURY TRIAL**

1

CLASS ACTION COMPLAINT

Plaintiff Drew Martinez ("PLAINTIFF"), an individual, on behalf of himself and all other similarly situated current and former employees, alleges on information and belief, except for his own acts and knowledge which are based on personal knowledge, the following:

**THE PARTIES**

1.      Defendant National Steel and Shipbuilding Company ("DEFENDANT") is a Corporation and at all relevant times mentioned herein conducted and continues to conduct substantial and regular business throughout California.

2.      DEFENDANT designs and constructs auxiliary and support ships, as well as oil tankers and dry cargo carriers for commercial markets. DEFENDANT was founded in 1960.

3.      PLAINTIFF was employed by DEFENDANT in California from March of 2014 to September of 2020 and was at all times classified by DEFENDANT as a non-exempt employee, paid on an hourly basis, and entitled to the legally required meal and rest periods and payment of minimum and overtime wages due for all time worked.

4.      PLAINTIFF brings this Class Action on behalf of himself and a California class, defined as all individuals who are or previously were employed by DEFENDANT in California and classified as non-exempt employees (the "CALIFORNIA CLASS") at any time during the period beginning four (4) years prior to the filing of this Complaint and ending on the date as determined by the Court (the "CALIFORNIA CLASS PERIOD"). The amount in controversy for the aggregate claim of CALIFORNIA CLASS Members is under five million dollars ($5,000,000.00).

5.      PLAINTIFF brings this Class Action on behalf of himself and a CALIFORNIA CLASS in order to fully compensate the CALIFORNIA CLASS for their losses incurred during the CALIFORNIA CLASS PERIOD caused by DEFENDANT's policy and practice which failed to lawfully compensate these employees for all their overtime worked.  DEFENDANT's policy and practice alleged herein was an unlawful, unfair and deceptive business practice whereby DEFENDANT retained and continues to retain wages due PLAINTIFF and the other

members of the CALIFORNIA CLASS.  PLAINTIFF and the other members of the CALIFORNIA CLASS seek an injunction enjoining such conduct by DEFENDANT in the future, relief for the named PLAINTIFF and the other members of the CALIFORNIA CLASS who have been economically injured by DEFENDANT's past and current unlawful conduct, and all other appropriate legal and equitable relief.

6.     The true names and capacities, whether individual, corporate, subsidiary, partnership, associate or otherwise of defendants DOES 1 through 50, inclusive, are presently unknown to PLAINTIFF who therefore sues these Defendants by such fictitious names pursuant to Cal. Civ. Proc. Code § 474.  PLAINTIFF will seek leave to amend this Complaint to allege the true names and capacities of Does 1 through 50, inclusive, when they are ascertained. PLAINTIFF is informed and believes, and based upon that information and belief alleges, that the Defendants named in this Complaint, including DOES 1 through 50, inclusive, are responsible in some manner for one or more of the events and happenings that proximately caused the injuries and damages hereinafter alleged.

7.     The agents, servants and/or employees of the Defendants and each of them acting on behalf of the Defendants acted within the course and scope of his, her or its authority as the agent, servant and/or employee of the Defendants, and personally participated in the conduct alleged herein on behalf of the Defendants with respect to the conduct alleged herein. Consequently, the acts of each Defendant are legally attributable to the other Defendants and all Defendants are jointly and severally liable to PLAINTIFF and the other members of the CALIFORNIA CLASS, for the loss sustained as a proximate result of the conduct of the Defendants' agents, servants and/or employees.

## THE CONDUCT

8.     During the CALIFORNIA CLASS PERIOD, DEFENDANT failed to accurately record and pay PLAINTIFF and other CALIFORNIA CLASS Members for the actual amount of time these employees work.  Pursuant to the Industrial Welfare Commission Wage Orders,

1    DEFENDANT is required to pay PLAINTIFF and other CALIFORNIA CLASS Members for

2    all time worked, meaning the time during which an employee was subject to the control of an

3    employer, including all the time the employee was permitted or suffered to permit this work.

4    DEFENDANT required PLAINTIFF and CALIFORNIA CLASS Members to work off the

5    clock without paying them for all the time they were under DEFENDANT's control.

6    Specifically, PLAINTIFF and CALIFORNIA CLASS Members would clock out of

7    DEFENDANT's timekeeping system, in order to perform additional work for DEFENDANT

8    as required to meet DEFENDANT's job requirements.  During the CALIFORNIA CLASS

9    PERIOD, DEFENDANT engaged in the practice of requiring PLAINTIFF and CALIFORNIA

10   CLASS Members to perform work off the clock after clocking out in that DEFENDANT, as a

11   condition of employment, required these employees to wait for and submit to loss prevention

12   inspections at the end of each scheduled shift for which DEFENDANT did not provide

13   compensation for time spent waiting for and submitting to DEFENDANT's loss prevention

14   inspections off the clock.  Further, as a result of their rigorous work schedules and

15   DEFENDANT's loss prevention inspection policy, PLAINTIFF and other CALIFORNIA

16   CLASS Members were from time to time not fully relieved of duty by DEFENDANT for their

17   meal periods.  As a result, PLAINTIFF and other CALIFORNIA CLASS Members forfeited

18   minimum wages and  overtime wage compensation by working without their time being

19   correctly recorded and without compensation at the applicable rates.  Further, during the

20   CALIFORNIA CLASS PERIOD, PLAINTIFF and other CALIFORNIA CLASS Members from

21   time to time were not been paid wages for all time worked, including overtime wages, such that

22   in the aggregate employees were underpaid wages as a result of DEFENDANT's pattern and

23   practice of unevenly rounding time worked by its employees. DEFENDANT's policy and

24   practice not to pay PLAINTIFF and other CALIFORNIA CLASS Members for all time worked,

25   is evidenced by DEFENDANT's business records.

26        9.      In violation of the applicable sections of the California Labor Code and the

27   requirements of the Industrial Welfare Commission ("IWC") Wage Order, DEFENDANT

28

<div align="center">4</div>

<div align="center">CLASS ACTION COMPLAINT</div>

1   intentionally and knowingly failed to compensate PLAINTIFF and the other members of the

2   CALIFORNIA CLASS at the correct rate of pay for all overtime worked.  This policy and

3   practice of DEFENDANT was intended to purposefully avoid the payment of the correct

4   overtime compensation as required by California law which allowed DEFENDANT to illegally

5   profit and gain an unfair advantage over competitors who complied with the law.  To the extent

6   equitable tolling operates to toll claims by the CALIFORNIA CLASS against DEFENDANT,

7   the CALIFORNIA CLASS PERIOD should be adjusted accordingly.

8          10.    State law provides that employees must be paid overtime at one-and-one-half

9   times their "regular rate of pay."  PLAINTIFF and other CALIFORNIA CLASS Members were

10  compensated at an hourly rate plus incentive pay that was tied to specific elements of an

11  employee's performance.

12         11.    The second component of PLAINTIFF's and other CALIFORNIA CLASS

13  Members' compensation was DEFENDANT's non-discretionary incentive program that paid

14  PLAINTIFF and other CALIFORNIA CLASS Members incentive wages based on their

15  performance for DEFENDANT.  The non-discretionary incentive program provided all

16  employees paid on an hourly basis with incentive compensation when the employees met the

17  various performance goals set by DEFENDANT.  However, when calculating the regular rate

18  of pay in order to pay overtime to PLAINTIFF and other CALIFORNIA CLASS Members,

19  DEFENDANT failed to include the incentive compensation as part of the employees' "regular

20  rate of pay" for purposes of calculating overtime pay.  Management and supervisors described

21  the incentive program to potential and new employees as part of the compensation package.  As

22  a matter of law, the incentive compensation received by PLAINTIFF and other CALIFORNIA

23  CLASS Members must be included in the "regular rate of pay."  The failure to do so has

24  resulted in an underpayment of overtime compensation to PLAINTIFF and other CALIFORNIA

25  CLASS Members by DEFENDANT.  Further, DEFENDANT underpaid sick pay wages to

26  PLAINTIFF and other CALIFORNIA CLASS Members by failing to pay such wages at the

27  regular rate of pay.  Specifically, PLAINTIFF and other non-exempt employees regularly earn

28

1  non-discretionary remuneration, including but not limited to, incentives, shift differential pay,

2  and bonuses.  Rather than pay sick pay at the regular rate of pay, DEFENDANT underpaid sick

3  pay to PLAINTIFF and other CALIFORNIA CLASS Members at their base rates of pay.

4        12.  As a result of their rigorous work schedules, PLAINTIFF and other

5  CALIFORNIA CLASS Members were also from time to time unable to take off duty meal

6  breaks and were not fully relieved of duty for meal periods.  PLAINTIFF and other

7  CALIFORNIA CLASS Members were from time to time required to perform work as ordered

8  by DEFENDANT for more than five (5) hours during a shift without receiving an off-duty meal

9  break.  Further, DEFENDANT from time to time failed to provide PLAINTIFF and

10  CALIFORNIA CLASS Members with a second off-duty meal period for some workdays in

11  which these employees were required by DEFENDANT to work ten (10) hours of work.

12  PLAINTIFF and the other CALIFORNIA CLASS Members therefore forfeited meal breaks

13  from time to time without additional compensation and in accordance with DEFENDANT's

14  corporate policy and practice.

15        13.  During the CALIFORNIA CLASS PERIOD, PLAINTIFF and other

16  CALIFORNIA CLASS Members were also from time to time required to work in excess of four

17  (4) hours without being provided ten (10) minute rest periods.  Further, these employees were

18  denied their first rest periods of at least ten (10) minutes for some shifts worked of at least two

19  (2) to four (4) hours, a first and second rest period of at least ten (10) minutes for some shifts

20  worked of between six (6) and eight (8) hours from time to time, and a first, second and third

21  rest period of at least ten (10) minutes for some shifts worked of ten (10) hours or more from

22  time to time.  PLAINTIFF and other CALIFORNIA CLASS Members were also not provided

23  with one hour wages in lieu thereof.  Additionally, the applicable California Wage Order

24  requires employers to provide employees with off-duty rest periods, which the California

25  Supreme Court defined as time during which an employee is relieved from all work related

26  duties and free from employer control.  In so doing, the Court held that the requirement under

27  California law that employers authorize and permit all employees to take rest period means that

28

1  employers must relieve employees of all duties and relinquish control over how employees

2  spend their time which includes control over the locations where employees may take their rest

3  period.  Employers cannot impose controls that prohibit an employee from leaving the

4  employer's premises during rest periods.  Here, DEFENDANT's policy restricted PLAINTIFF's

5  and other CALIFORNIA CLASS Members' ability to leave the premises and was unlawful

6  based on DEFENDANT's rule which stated PLAINTIFF and other CALIFORNIA CLASS

7  Members could not leave the work premises during their rest period.  In fact, PLAINTIFF,

8  during what should have been her off-duty rest period time, was required to remain on

9  DEFENDANT's premises and from time to time was required to perform work on

10  DEFENDANT's premises during her rest break time.

11        14.    Cal. Lab. Code § 226 provides that every employer shall furnish each of his or her

12  employees with an accurate itemized wage statement in writing showing, among other things,

13  gross wages earned and all applicable hourly rates in effect during the pay period and the

14  corresponding amount of time worked at each hourly rate. From time to time, DEFENDANT

15  violated Cal. Lab. Code § 226 by failing to provide wage statements that identified the correct

16  gross and net wages earned.  Aside from the violations listed above, DEFENDANT failed to

17  issue to PLAINTIFF an itemized wage statement that lists all the requirements under California

18  Labor Code 226 *et seq*.  As a result, from time to time DEFENDANT provided PLAINTIFF and

19  the other members of the CALIFORNIA CLASS with wage statements which violated Cal.

20  Lab. Code § 226.

21        15.    Specifically as to PLAINTIFF, DEFENDANT failed to provide all the legally

22  required off-duty meal and rest breaks to him as required by the applicable Wage Order and

23  Labor Code and failed to pay him all minimum and overtime wages due to him.  DEFENDANT

24  did not have a policy or practice which provided timely off-duty meal and rest breaks to

25  PLAINTIFF and also failed to compensate PLAINTIFF for his missed meal and rest breaks.

26  The nature of the work performed by the PLAINTIFF did not prevent him from being relieved

27  of all of his duties for the legally required off-duty meal periods.  As a result, DEFENDANT's

28

1   failure to provide PLAINTIFF with the legally required meal periods is evidenced by

2   DEFENDANT's business records.  To date, DEFENDANT has yet to pay PLAINTIFF all of

3   his wages due to him and DEFENDANT has failed to pay any penalty wages owed to him under

4   California Labor Code Section 203.  The amount in controversy for PLAINTIFF individually

5   does not exceed the sum or value of $75,000.

6                          **JURISDICTION AND VENUE**

7          16.     This Court has jurisdiction over this Action pursuant to California Code of Civil

8   Procedure, Section 410.10 and California Business & Professions Code, Section 17203.  This

9   action is brought as a Class Action on behalf of PLAINTIFF and similarly situated employees

10  of DEFENDANT pursuant to Cal. Code of Civ. Proc. § 382.

11         17.     Venue is proper in this Court pursuant to California Code of Civil Procedure,

12  Sections 395 and 395.5, because PLAINTIFF worked and resides in this County, and

13  DEFENDANT (i) currently maintains and at all relevant times maintained offices and facilities

14  in this County and/or conducts substantial business in this County, and (ii) committed the

15  wrongful conduct herein alleged in this County against members of the CALIFORNIA CLASS

16  and CALIFORNIA LABOR SUB-CLASS.

17

18                          **THE CALIFORNIA CLASS**

19         18.     PLAINTIFF brings the First Cause of Action for Unfair, Unlawful and Deceptive

20  Business Practices pursuant to Cal. Bus. & Prof. Code §§ 17200, *et seq*. (the "UCL") as a Class

21  Action, pursuant to Cal. Code of Civ. Proc. § 382, on behalf of a California class, defined as

22  all individuals who are or previously were employed by DEFENDANT in California and

23  classified as non-exempt employees (the "CALIFORNIA CLASS") at any time during the

24  period beginning four (4) years prior to the filing of this Complaint and ending on the date as

25  determined by the Court (the "CALIFORNIA CLASS PERIOD").  The amount in controversy

26  for the aggregate claim of CALIFORNIA CLASS Members is under five million dollars

27  ($5,000,000.00).

28

19.    To the extent equitable tolling operates to toll claims by the CALIFORNIA CLASS against DEFENDANT, the CALIFORNIA CLASS PERIOD should be adjusted accordingly.

20.    The California Legislature has commanded that "all wages... ...earned by any person in any employment are due and payable twice during each calendar month, on days designated in advance by the employer as the regular paydays", and further that "[a]ny work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek . . . shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee." (Lab. Code § 204 and § 510(a).)  The Industrial Welfare Commission (IWC), however, is statutorily authorized to "establish exemptions from the requirement that an overtime rate of compensation be paid... ...for executive, administrative, and professional employees, provided [inter alia] that the employee is primarily engaged in duties that meet the test of the exemption, [and] customarily and regularly exercises discretion and independent judgment in performing those duties..." (Lab. Code § 510(a).)

21.    Neither the PLAINTIFF nor the other members of the CALIFORNIA CLASS and/or the CALIFORNIA LABOR SUB-CLASS qualify for exemption from the above requirements.

22.    DEFENDANT, in violation of the applicable Labor Code, Industrial Welfare Commission ("IWC") Wage Order requirements, and the applicable provisions of California law, intentionally, knowingly, and wilfully, engaged in a practice whereby DEFENDANT failed to correctly calculate and record minimum wage, and overtime compensation for all time worked by PLAINTIFF and the other members of the CALIFORNIA CLASS, even though DEFENDANT enjoyed the benefit of this work, required employees to perform this work and permitted or suffered to permit this work.

23.    DEFENDANT has the legal burden to establish that each and every CALIFORNIA CLASS Member is paid the applicable rate for all overtime worked and to accurately calculate the "regular rate of pay" by including the incentive compensation that

1    PLAINTIFF and members of the CALIFORNIA CLASS were awarded by DEFENDANT.

2    DEFENDANT, however, failed to have in place during the CALIFORNIA CLASS PERIOD

3    and still fails to have in place a policy or practice to ensure that each and every CALIFORNIA

4    CLASS Member is paid the applicable overtime rate for all overtime worked, so as to satisfy

5    their burden.  This common business practice applicable to each and every CALIFORNIA

6    CLASS Member can be adjudicated on a class-wide basis as unlawful, unfair, and/or deceptive

7    under Cal. Business & Professions Code §§ 17200, *et seq*. (the "UCL") as causation, damages,

8    and reliance are not elements of this claim.

9        24.    At no time during the CALIFORNIA CLASS PERIOD was the compensation for

10   any member of the CALIFORNIA CLASS properly recalculated so as to compensate the

11   employee for all overtime worked at the applicable rate, as required by California Labor Code

12   §§ 204 and 510, *et seq*.  At no time during the CALIFORNIA CLASS PERIOD was the

13   overtime compensation for any member of the CALIFORNIA CLASS properly recalculated so

14   as to include all earnings in the overtime compensation calculation as required by California

15   Labor Code §§ 510, *et seq*.

16       25.    The CALIFORNIA CLASS, is so numerous that joinder of all CALIFORNIA

17   CLASS Members is impracticable.

18       26.    DEFENDANT violated the rights of the CALIFORNIA CLASS under California

19   law by:

20           (a)    Violating the California Unfair Competition Laws, Cal. Bus. & Prof. Code

21                  §§ 17200, *et seq.*, by unlawfully, unfairly and/or deceptively having in

22                  place company policies, practices and procedures that failed to pay all

23                  wages due the CALIFORNIA CLASS for all overtime worked, and failed

24                  to accurately record the applicable rates of all overtime worked by the

25                  CALIFORNIA CLASS;

26           (b)    Committing an act of unfair competition in violation of the California

27                  Unfair Competition Laws, Cal. Bus. & Prof. Code §§ 17200, *et seq.*, by

28

---

10

CLASS ACTION COMPLAINT

1    unlawfully, unfairly, and/or deceptively having in place a company policy,

2    practice and procedure that failed to correctly calculate overtime

3    compensation due to PLAINTIFF and the members of the CALIFORNIA

4    CLASS;

5    (c)    Committing an act of unfair competition in violation of the California

6    Unfair Competition Laws, Cal. Bus. & Prof. Code §§ 17200, *et seq.*, by

7    failing to provide mandatory meal and/or rest breaks to PLAINTIFF and

8    the CALIFORNIA CLASS members; and,

9    (d)    Committing an act of unfair competition in violation of the California

10   Unfair Competition Laws, Cal. Bus. & Prof. Code §§ 17200, *et seq.*, by

11   unlawfully, unfairly and deceptively having in place company policies,

12   practices and procedures that denied PLAINTIFF and the members of the

13   CALIFORNIA CLASS the correct minimum wages and otherwise

14   violated applicable law.

15   27.    This Class Action meets the statutory prerequisites for the maintenance of a Class

16   Action as set forth in Cal. Code of Civ. Proc. § 382, in that:

17   (a)    The persons who comprise the CALIFORNIA CLASS are so numerous

18   that the joinder of all such persons is impracticable and the disposition of

19   their claims as a class will benefit the parties and the Court;

20   (b)    Nearly all factual, legal, statutory, declaratory and injunctive relief issues

21   that are raised in this Complaint are common to the CALIFORNIA

22   CLASS will apply to every member of the CALIFORNIA CLASS;

23   (c)    The claims of the representative PLAINTIFF are typical of the claims of

24   each member of the CALIFORNIA CLASS.  PLAINTIFF, like all the

25   other members of the CALIFORNIA CLASS, is subjected to the

26   employment practices of DEFENDANT and is a non-exempt employee

27   paid on an hourly basis who has been subjected to the DEFENDANT's

28

11

CLASS ACTION COMPLAINT

practice and policy described herein.  PLAINTIFF sustained economic injury as a result of DEFENDANT's employment practices.  PLAINTIFF and the members of the CALIFORNIA CLASS were and are similarly or identically harmed by the same unlawful, deceptive, and unfair misconduct engaged in by DEFENDANT; and,

(d)     The representative PLAINTIFF will fairly and adequately represent and protect the interest of the CALIFORNIA CLASS, and has retained counsel who are competent and experienced in Class Action litigation. There are no material conflicts between the claims of the representative PLAINTIFF and the members of the CALIFORNIA CLASS that would make class certification inappropriate.  Counsel for the CALIFORNIA CLASS will vigorously assert the claims of all CALIFORNIA CLASS Members.

28.     In addition to meeting the statutory prerequisites to a Class Action, this action is properly maintained as a Class Action pursuant to Cal. Code of Civ. Proc. § 382, in that:

(a)     Without class certification and determination of declaratory, injunctive, statutory and other legal questions within the class format, prosecution of separate actions by individual members of the CALIFORNIA CLASS will create the risk of:

1)     Inconsistent or varying adjudications with respect to individual members of the CALIFORNIA CLASS which would establish incompatible standards of conduct for the parties opposing the CALIFORNIA CLASS; and/or,

2)     Adjudication with respect to individual members of the CALIFORNIA CLASS which would as a practical matter be dispositive of interests of the other members not party to the adjudication or substantially impair or impede their ability to

1    protect their interests.

2    (b)    The parties opposing the CALIFORNIA CLASS have acted or refused to

3    act on grounds generally applicable to the CALIFORNIA CLASS, making

4    appropriate class-wide relief with respect to the CALIFORNIA CLASS

5    as a whole in that DEFENDANT failed to pay all wages due. Including

6    the correct overtime rate, for all worked by the members of the

7    CALIFORNIA CLASS as required by law;

8        1)    With respect to the First Cause of Action, the final relief on behalf

9        of the CALIFORNIA CLASS sought does not relate exclusively to

10       restitution because through this claim PLAINTIFF seeks

11       declaratory relief holding that the DEFENDANT's policy and

12       practices constitute unfair competition, along with declaratory

13       relief,  injunctive relief, and incidental equitable relief as may be

14       necessary to prevent and remedy the conduct declared to constitute

15       unfair competition;

16   (c)    Common questions of law and fact exist as to the members of the

17   CALIFORNIA CLASS, with respect to the practices and violations of

18   California law as listed above, and predominate over any question

19   affecting only individual CALIFORNIA CLASS Members, and a Class

20   Action is superior to other available methods for the fair and efficient

21   adjudication of the controversy, including consideration of:

22       1)    The interests of the members of the CALIFORNIA CLASS in

23       individually controlling the prosecution or defense of separate

24       actions in that the substantial expense of individual actions will be

25       avoided to recover the relatively small amount of economic losses

26       sustained by the individual CALIFORNIA CLASS Members when

27       compared to the substantial expense and burden of individual

28

13

CLASS ACTION COMPLAINT

prosecution of this litigation;

2)   Class certification will obviate the need for unduly duplicative litigation that would create the risk of:

   A.   Inconsistent or varying adjudications with respect to individual members of the CALIFORNIA CLASS, which would establish incompatible standards of conduct for the DEFENDANT; and/or,

   B.   Adjudications with respect to individual members of the CALIFORNIA CLASS would as a practical matter be dispositive of the interests of the other members not parties to the adjudication or substantially impair or impede their ability to protect their interests;

3)   In the context of wage litigation because a substantial number of individual CALIFORNIA CLASS Members will avoid asserting their legal rights out of fear of retaliation by DEFENDANT, which may adversely affect an individual's job with DEFENDANT or with a subsequent employer, the Class Action is the only means to assert their claims through a representative; and,

4)   A class action is superior to other available methods for the fair and efficient adjudication of this litigation because class treatment will obviate the need for unduly and unnecessary duplicative litigation that is likely to result in the absence of certification of this action pursuant to Cal. Code of Civ. Proc. § 382.

29.   This Court should permit this action to be maintained as a Class Action pursuant to Cal. Code of Civ. Proc. § 382 because:

   (a)   The questions of law and fact common to the CALIFORNIA CLASS predominate over any question affecting only individual CALIFORNIA

14

CLASS ACTION COMPLAINT

1   CLASS Members because the DEFENDANT's employment practices are

2   applied with respect to the CALIFORNIA CLASS;

3   (b)   A Class Action is superior to any other available method for the fair and

4   efficient adjudication of the claims of the members of the CALIFORNIA

5   CLASS because in the context of employment litigation a substantial

6   number of individual CALIFORNIA CLASS Members will avoid

7   asserting their rights individually out of fear of retaliation or adverse

8   impact on their employment;

9   (c)   The members of the CALIFORNIA CLASS are so numerous that it is

10   impractical to bring all members of the CALIFORNIA CLASS before the

11   Court;

12   (d)   PLAINTIFF, and the other CALIFORNIA CLASS Members, will not be

13   able to obtain effective and economic legal redress unless the action is

14   maintained as a Class Action;

15   (e)   There is a community of interest in obtaining appropriate legal and

16   equitable relief for the acts of unfair competition, statutory violations and

17   other improprieties, and in obtaining adequate compensation for the

18   damages and injuries which DEFENDANT's actions have inflicted upon

19   the CALIFORNIA CLASS;

20   (f)   There is a community of interest in ensuring that the combined assets of

21   DEFENDANT are sufficient to adequately compensate the members of

22   the CALIFORNIA CLASS for the injuries sustained;

23   (g)   DEFENDANT has acted or refused to act on grounds generally applicable

24   to the CALIFORNIA CLASS, thereby making final class-wide relief

25   appropriate with respect to the CALIFORNIA CLASS as a whole;

26   (h)   The members of the CALIFORNIA CLASS are readily ascertainable from

27   the business records of DEFENDANT; and,

28

15

CLASS ACTION COMPLAINT

(i)    Class treatment provides manageable judicial treatment calculated to bring a efficient and rapid conclusion to all litigation of all wage and hour related claims arising out of the conduct of DEFENDANT as to the members of the CALIFORNIA CLASS.

30.    DEFENDANT maintains records from which the Court can ascertain and identify by job title each of DEFENDANT's employees who as have been intentionally subjected to DEFENDANT's conduct as herein alleged.   PLAINTIFF will seek leave to amend the Complaint to include any additional job titles of similarly situated employees when they have been identified.

## THE CALIFORNIA LABOR SUB-CLASS

31.    PLAINTIFF further brings the Second, Third, Fourth, Fifth, Sixth, and Seventh causes of Action on behalf of a California sub-class, defined as all members of the CALIFORNIA CLASS classified as non-exempt employees (the "CALIFORNIA LABOR SUB-CLASS") at any time during the period three (3) years prior to the filing of the complaint and ending on the date as determined by the Court (the "CALIFORNIA LABOR SUB-CLASS PERIOD") pursuant to Cal. Code of Civ. Proc. § 382.  The amount in controversy for the aggregate claim of CALIFORNIA LABOR SUB- CLASS Members is under five million dollars ($5,000,000.00).

32.    DEFENDANT, in violation of the applicable Labor Code, Industrial Welfare Commission ("IWC") Wage Order requirements, and the applicable provisions of California law, intentionally, knowingly, and wilfully, engaged in a practice whereby DEFENDANT failed to correctly calculate minimum wage and overtime compensation for the all time worked by PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS, even though DEFENDANT enjoyed the benefit of this work, required employees to perform this work and permitted or suffered to permit this work. DEFENDANT denied these CALIFORNIA LABOR SUB-CLASS Members wages at the correct amount to which these employees are entitled in

1    order to unfairly cheat the competition and unlawfully profit.  To the extent equitable tolling

2    operates to toll claims by the CALIFORNIA LABOR SUB-CLASS against DEFENDANT, the

3    CALIFORNIA LABOR SUB-CLASS PERIOD should be adjusted accordingly.

4         33.    DEFENDANT maintains records from which the Court can ascertain and identify

5    by name and job title, each of DEFENDANT's employees who have been intentionally

6    subjected to DEFENDANT's conduct as herein alleged.  PLAINTIFF will seek leave to amend

7    the complaint to include any additional job titles of similarly situated employees when they have

8    been identified.

9         34.    The CALIFORNIA LABOR SUB-CLASS is so numerous that joinder of all

10   CALIFORNIA LABOR SUB-CLASS Members is impracticable.

11        35.    Common questions of law and fact exist as to members of the CALIFORNIA

12   LABOR SUB-CLASS, including, but not limited, to the following:

13                  (a)    Whether DEFENDANT unlawfully failed to correctly calculate and pay

14                         overtime wages and minimum wages to members of the CALIFORNIA

15                         LABOR SUB-CLASS in violation of the California Labor Code and

16                         California regulations and the applicable California Wage Order;

17                  (b)    Whether the members of the CALIFORNIA LABOR SUB-CLASS were

18                         entitled to overtime compensation for overtime worked under the overtime

19                         pay requirements of California law;

20                  (c)    Whether DEFENDANT failed to accurately record the applicable

21                         overtime rates for all overtime worked PLAINTIFF and the other

22                         members of the CALIFORNIA LABOR SUB-CLASS;

23                  (d)    Whether DEFENDANT failed to provide PLAINTIFF and the other

24                         members of the CALIFORNIA LABOR SUB-CLASS with legally

25                         required uninterrupted thirty (30) minute meal breaks and rest periods;

26                  (e)    Whether DEFENDANT failed to provide PLAINTIFF and the other

27                         members of the CALIFORNIA LABOR SUB-CLASS with accurate

28

                                        17
                                CLASS ACTION COMPLAINT

1        itemized wage statements;

2    (f)  Whether DEFENDANT engaged in unfair competition by the above-listed

3        conduct;

4    (g)  The proper measure of damages and penalties owed to the members of the

5        CALIFORNIA LABOR SUB-CLASS; and,

6    (h)  Whether DEFENDANT's conduct was willful.

7   36.  DEFENDANT violated the rights of the CALIFORNIA LABOR SUB-CLASS

8 under California law by:

9    (a)  Violating Cal. Lab. Code §§ 510, *et seq*., by failing to accurately pay

10        PLAINTIFF and the members of the CALIFORNIA LABOR SUB-

11        CLASS the correct overtime pay for which DEFENDANT is liable

12        pursuant to Cal. Lab. Code § 1194 & § 1198;

13    (b)  Violating Cal. Lab. Code §§ 1194, 1197 & 1197.1 *et seq*., by failing to

14        accurately pay the PLAINTIFF and the members of the CALIFORNIA

15        LABOR SUB-CLASS the correct minimum wage for which

16        DEFENDANT is liable pursuant to Cal. Lab. Code §§ 1194 and 1197, and

17        1197.1;

18    (c)  Violating Cal. Lab. Code §§ 226.7 and 512, by failing to provide

19        PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-

20        CLASS all legally required off-duty, uninterrupted thirty (30) minute meal

21        breaks and the legally required rest breaks;

22    (d)  Violating Cal. Lab. Code § 226, by failing to provide PLAINTIFF and the

23        members of the CALIFORNIA LABOR SUB-CLASS with an accurate

24        itemized statement in writing showing all accurate and applicable

25        overtime rates in effect during the pay period and the corresponding

26        amount of time worked at each overtime rate by the employee; and,

27    (e)  Violating Cal. Lab. Code §§ 201, 202 and/or 203, which provides that

28

<div align="center">18</div>

<div align="center">CLASS ACTION COMPLAINT</div>

1    when an employee is discharged or quits from employment, the employer

2    must pay the employee all wages due without abatement, by failing to

3    tender full payment and/or restitution of wages owed or in the manner

4    required by California law to the members of the CALIFORNIA LABOR

5    SUB-CLASS who have terminated their employment.

6    37.    This Class Action meets the statutory prerequisites for the maintenance of a Class

7    Action as set forth in Cal. Code of Civ. Proc. § 382, in that:

8    (a)    The persons who comprise the CALIFORNIA LABOR SUB-CLASS are

9    so numerous that the joinder of all CALIFORNIA LABOR SUB-CLASS

10   Members is impracticable and the disposition of their claims as a class

11   will benefit the parties and the Court;

12   (b)    Nearly all factual, legal, statutory, declaratory and injunctive relief issues

13   that are raised in this Complaint are common to the CALIFORNIA

14   LABOR SUB-CLASS and will apply to every member of the

15   CALIFORNIA LABOR SUB-CLASS;

16   (c)    The claims of the representative PLAINTIFF are typical of the claims of

17   each member of the CALIFORNIA LABOR SUB-CLASS. PLAINTIFF,

18   like all the other members of the CALIFORNIA LABOR SUB-CLASS,

19   is a non-exempt employee who has been subjected to the DEFENDANT's

20   practice and policy described herein.   PLAINTIFF sustained economic

21   injury as a result of DEFENDANT's employment practices.  PLAINTIFF

22   and the members of the CALIFORNIA LABOR SUB-CLASS were and

23   are similarly or identically harmed by the same unlawful, deceptive, and

24   unfair misconduct engaged in by DEFENDANT; and,

25   (d)    The representative PLAINTIFF will fairly and adequately represent and

26   protect the interest of the CALIFORNIA LABOR SUB-CLASS, and has

27   retained counsel who are competent and experienced in Class Action

28

19

CLASS ACTION COMPLAINT

litigation.  There are no material conflicts between the claims of the representative PLAINTIFF and the members of the CALIFORNIA LABOR SUB-CLASS that would make class certification inappropriate. Counsel for the CALIFORNIA LABOR SUB-CLASS will vigorously assert the claims of all CALIFORNIA LABOR SUB-CLASS Members.

38.   In addition to meeting the statutory prerequisites to a Class Action, this action is properly maintained as a Class Action pursuant to Cal. Code of Civ. Proc. § 382, in that:

(a)   Without class certification and determination of declaratory, injunctive, statutory and other legal questions within the class format, prosecution of separate actions by individual members of the CALIFORNIA LABOR SUB-CLASS will create the risk of:

1)   Inconsistent or varying adjudications with respect to individual members of the CALIFORNIA LABOR SUB-CLASS which would establish incompatible standards of conduct for the parties opposing the CALIFORNIA LABOR SUB-CLASS; or,

2)   Adjudication with respect to individual members of the CALIFORNIA LABOR SUB-CLASS which would as a practical matter be dispositive of interests of the other members not party to the adjudication or substantially impair or impede their ability to protect their interests.

(b)   The parties opposing the CALIFORNIA LABOR SUB-CLASS have acted or refused to act on grounds generally applicable to the CALIFORNIA LABOR SUB-CLASS, making appropriate class-wide relief with respect to the CALIFORNIA LABOR SUB-CLASS as a whole in that DEFENDANT failed to pay all wages due. Including the correct overtime rate, for all overtime worked by the members of the CALIFORNIA LABOR SUB-CLASS as required by law;

20

CLASS ACTION COMPLAINT

(c) Common questions of law and fact predominate as to the members of the CALIFORNIA LABOR SUB-CLASS, with respect to the practices and violations of California Law as listed above, and predominate over any question affecting only individual CALIFORNIA LABOR SUB-CLASS Members, and a Class Action is superior to other available methods for the fair and efficient adjudication of the controversy, including consideration of:

1) The interests of the members of the CALIFORNIA LABOR SUB-CLASS in individually controlling the prosecution or defense of separate actions in that the substantial expense of individual actions will be avoided to recover the relatively small amount of economic losses sustained by the individual CALIFORNIA LABOR SUB-CLASS Members when compared to the substantial expense and burden of individual prosecution of this litigation;

2) Class certification will obviate the need for unduly duplicative litigation that would create the risk of:

A. Inconsistent or varying adjudications with respect to individual members of the CALIFORNIA LABOR SUB-CLASS, which would establish incompatible standards of conduct for the DEFENDANT; and/or,

B. Adjudications with respect to individual members of the CALIFORNIA LABOR SUB-CLASS would as a practical matter be dispositive of the interests of the other members not parties to the adjudication or substantially impair or impede their ability to protect their interests;

3) In the context of wage litigation because a substantial number of individual CALIFORNIA LABOR SUB-CLASS Members will

21

CLASS ACTION COMPLAINT

avoid asserting their legal rights out of fear of retaliation by DEFENDANT, which may adversely affect an individual's job with DEFENDANT or with a subsequent employer, the Class Action is the only means to assert their claims through a representative; and,

4)   A class action is superior to other available methods for the fair and efficient adjudication of this litigation because class treatment will obviate the need for unduly and unnecessary duplicative litigation that is likely to result in the absence of certification of this action pursuant to Cal. Code of Civ. Proc. § 382.

39.   This Court should permit this action to be maintained as a Class Action pursuant to Cal. Code of Civ. Proc. § 382 because:

(a)   The questions of law and fact common to the CALIFORNIA LABOR SUB-CLASS predominate over any question affecting only individual CALIFORNIA LABOR SUB-CLASS Members;

(b)   A Class Action is superior to any other available method for the fair and efficient adjudication of the claims of the members of the CALIFORNIA LABOR SUB-CLASS because in the context of employment litigation a substantial number of individual CALIFORNIA LABOR SUB-CLASS Members will avoid asserting their rights individually out of fear of retaliation or adverse impact on their employment;

(c)   The members of the CALIFORNIA LABOR SUB-CLASS are so numerous that it is impractical to bring all members of the CALIFORNIA LABOR SUB-CLASS before the Court;

(d)   PLAINTIFF, and the other CALIFORNIA LABOR SUB-CLASS Members, will not be able to obtain effective and economic legal redress unless the action is maintained as a Class Action;

(e)  There is a community of interest in obtaining appropriate legal and equitable relief for the acts of unfair competition, statutory violations and other improprieties, and in obtaining adequate compensation for the damages and injuries which DEFENDANT's actions have inflicted upon the CALIFORNIA LABOR SUB-CLASS;

(f)  There is a community of interest in ensuring that the combined assets of DEFENDANT are sufficient to adequately compensate the members of the CALIFORNIA LABOR SUB-CLASS for the injuries sustained;

(g)  DEFENDANT has acted or refused to act on grounds generally applicable to the CALIFORNIA LABOR SUB-CLASS, thereby making final class-wide relief appropriate with respect to the CALIFORNIA LABOR SUB-CLASS as a whole;

(h)  The members of the CALIFORNIA LABOR SUB-CLASS are readily ascertainable from the business records of DEFENDANT. The CALIFORNIA LABOR SUB-CLASS consists of all CALIFORNIA CLASS Members classified as non-exempt employees during the CALIFORNIA LABOR SUB-CLASS PERIOD; and,

(i)  Class treatment provides manageable judicial treatment calculated to bring a efficient and rapid conclusion to all litigation of all wage and hour related claims arising out of the conduct of DEFENDANT as to the members of the CALIFORNIA LABOR SUB-CLASS.

///
///
///
///
///
///

23

CLASS ACTION COMPLAINT

**FIRST CAUSE OF ACTION**

**For Unlawful Business Practices**

**[Cal. Bus. And Prof. Code §§ 17200, *et seq.*]**

**(By PLAINTIFF and the CALIFORNIA CLASS and Against All Defendants)**

40.     PLAINTIFF, and the other members of the CALIFORNIA CLASS, reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs of this Complaint.

41.     DEFENDANT is a "person" as that term is defined under Cal. Bus. and Prof. Code § 17021.

42.     California Business & Professions Code §§ 17200, *et seq.* (the "UCL") defines unfair competition as any unlawful, unfair, or fraudulent business act or practice.  Section 17203 authorizes injunctive, declaratory, and/or other equitable relief with respect to unfair competition as follows:

> Any person who engages, has engaged, or proposes to engage in unfair competition may be enjoined in any court of competent jurisdiction. The court may make such orders or judgments, including the appointment of a receiver, as may be necessary to prevent the use or employment by any person of any practice which constitutes unfair competition, as defined in this chapter, or as may be necessary to restore to any person in interest any money or property, real or personal, which may have been acquired by means of such unfair competition.

Cal. Bus. & Prof. Code § 17203.

43.     By the conduct alleged herein, DEFENDANT has engaged and continues to engage in a business practice which violates California law, including but not limited to, the applicable Wage Order(s), the California Code of Regulations and the California Labor Code including Sections 204, 210, 226.7, 510, 512, 1194, 1197, 1197.1, and 1198, for which this Court should issue declaratory and other equitable relief pursuant to Cal. Bus. & Prof. Code § 17203 as may be necessary to prevent and remedy the conduct held to constitute unfair competition, including restitution of wages wrongfully withheld.

44.     By the conduct alleged herein, DEFENDANT's practices were unlawful and unfair in that these practices violated public policy, are immoral, unethical, oppressive,

24

CLASS ACTION COMPLAINT

1    unscrupulous or substantially injurious to employees, and are without valid justification or

2    utility for which this Court should issue equitable and injunctive relief pursuant to Section

3    17203 of the California Business & Professions Code, including restitution of wages wrongfully

4    withheld.

5         45.    By the conduct alleged herein, DEFENDANT's practices were deceptive and

6    fraudulent in that DEFENDANT's policy and practice failed to pay PLAINTIFF, and other

7    members of the CALIFORNIA CLASS, minimum wages and overtime wages due for all time

8    worked, due to business practices that cannot be justified, pursuant to the applicable Cal. Lab.

9    Code, and Industrial Welfare Commission requirements in violation of Cal. Bus. Code §§

10   17200, *et seq.*, and for which this Court should issue injunctive and equitable relief, pursuant

11   to Cal. Bus. & Prof. Code § 17203, including restitution of wages wrongfully withheld.

12        46.    By the conduct alleged herein, DEFENDANT's practices were also unlawful,

13   unfair and deceptive in that DEFENDANT's employment practices caused PLAINTIFF and the

14   other members of the CALIFORNIA CLASS to be underpaid during their employment with

15   DEFENDANT.

16        47.    By the conduct alleged herein, DEFENDANT's practices were also unfair and

17   deceptive in that DEFENDANT's policies, practices and procedures failed to provide

18   mandatory meal and/or rest breaks to PLAINTIFF and the CALIFORNIA CLASS members.

19        48.    Therefore, PLAINTIFF demands on behalf of himself and on behalf of each

20   CALIFORNIA CLASS member, one (1) hour of pay for each workday in which an off-duty

21   meal period was not timely provided for each five (5) hours of work, and/or one (1) hour of pay

22   for each workday in which a second off-duty meal period was not timely provided for each ten

23   (10) hours of work.

24        49.    PLAINTIFF further demands on behalf of himself and on behalf of each

25   CALIFORNIA CLASS member, one (1) hour of pay for each workday in which an off duty

26   paid rest period was not timely provided as required by law.

27        50.    By and through the unlawful and unfair business practices described herein,

28
                                            25
                                  CLASS ACTION COMPLAINT

1    DEFENDANT has obtained valuable property, money and services from PLAINTIFF and the

2    other members of the CALIFORNIA CLASS and has deprived them of valuable rights and

3    benefits guaranteed by law and contract, all to the detriment of these employees and to the

4    benefit of DEFENDANT so as to allow DEFENDANT to unfairly compete against competitors

5    who comply with the law.

6        51.    All the acts described herein as violations of, among other things, the Industrial

7    Welfare Commission Wage Orders, the California Code of Regulations, and the California

8    Labor Code, are unlawful and in violation of public policy, are immoral, unethical, oppressive

9    and unscrupulous, are deceptive, and thereby constitute unlawful, unfair and deceptive business

10   practices in violation of Cal. Bus. & Prof. Code §§ 17200, *et seq*.

11       52.    PLAINTIFF and the other members of the CALIFORNIA CLASS are entitled to,

12   and do, seek such relief as may be necessary to restore to them the money and property which

13   DEFENDANT has acquired, or of which PLAINTIFF and the other members of the

14   CALIFORNIA CLASS have been deprived, by means of the above described unlawful and

15   unfair business practices, including earned but unpaid wages for all overtime worked.

16       53.    PLAINTIFF and the other members of the CALIFORNIA CLASS are further

17   entitled to, and do, seek a declaration that the described business practices are unlawful, unfair

18   and deceptive, and that injunctive relief should be issued restraining DEFENDANT from

19   engaging in any unlawful and unfair business practices in the future.

20       54.    PLAINTIFF and the other members of the CALIFORNIA CLASS have no plain,

21   speedy and/or adequate remedy at law that will end the unlawful and unfair business practices

22   of DEFENDANT.  Further, the practices herein alleged presently continue to occur unabated.

23   As a result of the unlawful and unfair business practices described herein, PLAINTIFF and the

24   other members of the CALIFORNIA CLASS have suffered and will continue to suffer

25   irreparable legal and economic harm unless DEFENDANT is restrained from continuing to

26   engage in these unlawful and unfair business practices.

27

28
                                          26
                              CLASS ACTION COMPLAINT

**SECOND CAUSE OF ACTION**

**For Failure To Pay Overtime Compensation**

**[Cal. Lab. Code §§ 204, 510, 1194 and 1198]**

**(By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS and Against All**

**Defendants)**

55.      PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS, reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs of this Complaint.

56.      PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS bring a claim for DEFENDANT's willful and intentional violations of the California Labor Code and the Industrial Welfare Commission requirements for DEFENDANT's failure to accurately calculate the applicable rates for all overtime worked by PLAINTIFF and other members of the CALIFORNIA LABOR SUB-CLASS and DEFENDANT's failure to properly compensate the members of the CALIFORNIA LABOR SUB-CLASS for overtime worked, including, work performed in excess of eight (8) hours in a workday and/or forty (40) hours in any workweek.

57.      Pursuant to Cal. Lab. Code § 204, other applicable laws and regulations, and public policy, an employer must timely pay its employees for all hours worked.

58.      Cal. Lab. Code § 510 further provides that employees in California shall not be employed more than eight (8) hours per workday and/or more than forty (40) hours per workweek unless they receive additional compensation beyond their regular wages in amounts specified by law.

59.      Cal. Lab. Code § 1194 establishes an employee's right to recover unpaid wages, including overtime compensation and interest thereon, together with the costs of suit. Cal. Lab. Code § 1198 further states that the employment of an employee for longer hours than those fixed by the Industrial Welfare Commission is unlawful.

60.      During the CALIFORNIA LABOR SUB-CLASS PERIOD, PLAINTIFF and

27

CLASS ACTION COMPLAINT

1    CALIFORNIA LABOR SUB-CLASS Members were required, permitted or suffered by

2    DEFENDANT to work for DEFENDANT and were not paid for all the time they worked,

3    including overtime work.

4         61.    DEFENDANT maintained a wage practice of paying PLAINTIFF and the other

5    members of the CALIFORNIA LABOR SUB-CLASS without regard to the correct amount of

6    overtime worked and correct applicable overtime rate for the amount of overtime they worked.

7    As set forth herein, DEFENDANT's policy and practice was to unlawfully and intentionally

8    deny timely payment of wages due for the overtime worked by PLAINTIFF and the other

9    members of the CALIFORNIA LABOR SUB-CLASS, and DEFENDANT in fact failed to pay

10   these employees the correct applicable overtime wages for all overtime worked.

11        62.    DEFENDANT's unlawful wage and hour practices manifested, without

12   limitation, applicable to the CALIFORNIA LABOR SUB-CLASS as a whole, as a result of

13   implementing a policy and practice that denied accurate compensation to PLAINTIFF and the

14   other members of the CALIFORNIA LABOR SUB-CLASS for all overtime worked, including,

15   the work performed in excess of eight (8) hours in a workday and/or forty (40) hours in any

16   workweek.

17        63.    In committing these violations of the California Labor Code, DEFENDANT

18   inaccurately calculated the amount of overtime worked and the applicable overtime rates and

19   consequently underpaid the actual time worked by PLAINTIFF and other members of the

20   CALIFORNIA LABOR SUB-CLASS. DEFENDANT acts in an illegal attempt to avoid the

21   payment of all earned wages, and other benefits in violation of the California Labor Code, the

22   Industrial Welfare Commission requirements and other applicable laws and regulations.

23        64.    As a direct result of DEFENDANT's unlawful wage practices as alleged herein,

24   PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS did not

25   receive full compensation for all overtime worked.

26        65.    Cal. Lab. Code § 515 sets out various categories of employees who are exempt

27   from the overtime requirements of the law.  None of these exemptions are applicable to

28

<center>28</center>

<center>CLASS ACTION COMPLAINT</center>

1   PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS.  Further,

2   PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS were not

3   subject to a valid collective bargaining agreement that would preclude the causes of action

4   contained herein this Complaint.  Rather, the PLAINTIFF brings this Action on behalf of

5   himself and the CALIFORNIA LABOR SUB-CLASS based on DEFENDANT's violations of

6   non-negotiable, non-waiveable rights provided by the State of California.

7        66.    During the CALIFORNIA LABOR SUB-CLASS PERIOD, PLAINTIFF and the

8   other members of the CALIFORNIA LABOR SUB-CLASS were paid less for time worked that

9   they are entitled to, constituting a failure to pay all earned wages.

10       67.    DEFENDANT failed to accurately pay PLAINTIFF and the other members of the

11  CALIFORNIA LABOR SUB-CLASS overtime wages for the time they work which is in excess

12  of the maximum hours permissible by law as required by Cal. Lab. Code §§ 510, 1194 & 1198,

13  even though PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS

14  are required to work, and do in fact work, overtime as to which DEFENDANT failed to

15  accurately record and pay using the applicable overtime rate as evidenced by DEFENDANT's

16  business records and witnessed by employees.

17       68.    By virtue of DEFENDANT's unlawful failure to accurately pay all earned

18  compensation to PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-

19  CLASS for the true time they work, PLAINTIFF and the other members of the CALIFORNIA

20  LABOR SUB-CLASS have suffered and will continue to suffer an economic injury in amounts

21  which are presently unknown to them and which will be ascertained according to proof at trial.

22       69.    DEFENDANT knew or should have known that PLAINTIFF and the other

23  members of the CALIFORNIA LABOR SUB-CLASS are under compensated for their overtime

24  worked.  DEFENDANT elected, either through intentional malfeasance or gross nonfeasance,

25  to not pay employees for their labor as a matter of company policy, practice and procedure, and

26  DEFENDANT perpetrated this scheme by refusing to pay PLAINTIFF and the other members

27  of the CALIFORNIA LABOR SUB-CLASS the applicable overtime rate.

28

70.     In performing the acts and practices herein alleged in violation of California labor laws, and refusing to compensate the members of the CALIFORNIA LABOR SUB-CLASS for all time worked and provide them with the requisite overtime compensation, DEFENDANT acted and continues to act intentionally, oppressively, and maliciously toward PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS with a conscious of and utter disregard for their legal rights, or the consequences to them, and with the despicable intent of depriving them of their property and legal rights, and otherwise causing them injury in order to increase company profits at the expense of these employees.

71.     PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS therefore request recovery of all unpaid wages, including overtime wages, according to proof, interest, statutory costs, as well as the assessment of any statutory penalties against DEFENDANT, in a sum as provided by the California Labor Code and/or other applicable statutes.  To the extent minimum and/or overtime compensation is determined to be owed to the CALIFORNIA LABOR SUB-CLASS Members who have terminated their employment, DEFENDANT's conduct also violates Labor Code §§ 201 and/or 202, and therefore these individuals are also be entitled to waiting time penalties under Cal. Lab. Code § 203, which penalties are sought herein on behalf of these CALIFORNIA LABOR SUB-CLASS Members. DEFENDANT's conduct as alleged herein was willful, intentional and not in good faith. Further, PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS Members are entitled to seek and recover statutory costs.

///

///

///

///

///

///

///

CLASS ACTION COMPLAINT

**THIRD CAUSE OF ACTION**

**For Failure To Pay Minimum Wages**

**[Cal. Lab. Code §§ 1194, 1197 and 1197.1]**

**(By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS**

**and Against All Defendants)**

72.     PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS, reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs of this Complaint..

73.     PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS bring a claim for DEFENDANT's willful and intentional violations of the California Labor Code and the Industrial Welfare Commission requirements for DEFENDANT's failure to accurately calculate and pay minimum wages to PLAINTIFF and CALIFORNIA LABOR SUB-CLASS Members.

74.     Pursuant to Cal. Lab. Code § 204, other applicable laws and regulations, and public policy, an employer must timely pay its employees for all hours worked.

75.     Cal. Lab. Code  § 1197 provides the minimum wage for employees fixed by the commission is the minimum wage to be paid to employees, and the payment of a less wage than the minimum so fixed in unlawful.

76.     Cal. Lab. Code § 1194 establishes an employee's right to recover unpaid wages, including minimum wage compensation and interest thereon, together with the costs of suit.

77.     DEFENDANT maintained a wage practice of paying PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS without regard to the correct amount of time they work, including time spent engaging in work tasks while off the clock. To the extent that these off-the-clock job tasks do not qualify for overtime premium payment, DEFENDANT failed to pay minimum wages for the time worked off-the-clock in violation of Cal. Lab. Code §§ 1194, 1197, and 1197.1.  As set forth herein,

1    DEFENDANT's policy and practice was to unlawfully and intentionally deny timely

2    payment of wages due to PLAINTIFF and the other members of the CALIFORNIA LABOR

3    SUB-CLASS.

4         78.    DEFENDANT's unlawful wage and hour practices manifested, without

5    limitation, applicable to the CALIFORNIA LABOR SUB-CLASS as a whole, as a result of

6    implementing a policy and practice that denied accurate compensation to PLAINTIFF and

7    the other members of the CALIFORNIA LABOR SUB-CLASS in regards to minimum

8    wage pay.

9         79.    In committing these violations of the California Labor Code, DEFENDANT

10   inaccurately calculated the correct time worked and consequently underpaid the actual time

11   worked by PLAINTIFF and other members of the CALIFORNIA  LABOR SUB-CLASS.

12   DEFENDANT acted in an illegal attempt to avoid the payment of all earned wages, and

13   other benefits in violation of the California Labor Code, the Industrial Welfare Commission

14   requirements and other applicable laws and regulations.

15        80.    As a direct result of DEFENDANT's unlawful wage practices as alleged

16   herein, PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS did

17   not receive the correct minimum wage compensation for their time worked for

18   DEFENDANT.

19        81.    During the CALIFORNIA LABOR SUB-CLASS PERIOD, DEFENDANT

20   required, permitted or suffered PLAINTIFF and CALIFORNIA LABOR SUB-CLASS

21   Members to work without paying them for all the time they were under DEFENDANT's

22   control.

23        82.    During the CALIFORNIA LABOR SUB-CLASS PERIOD, PLAINTIFF and

24   the other members of the CALIFORNIA LABOR SUB-CLASS were paid less for time

25   worked that they were entitled to, constituting a failure to pay all earned wages.

26        83.    By virtue of DEFENDANT's unlawful failure to accurately pay all earned

27   compensation to PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-

28
                                    32
                          CLASS ACTION COMPLAINT

1    CLASS for the true time they work, PLAINTIFF and the other members of the

2    CALIFORNIA LABOR SUB-CLASS have suffered and will continue to suffer an

3    economic injury in amounts which are presently unknown to them and which will be

4    ascertained according to proof at trial.

5        84.    DEFENDANT knew or should have known that PLAINTIFF and the other

6    members of the CALIFORNIA LABOR SUB-CLASS were under compensated for their

7    time worked.  DEFENDANT elected, either through intentional malfeasance or gross

8    nonfeasance, to not pay employees for their labor as a matter of company policy, practice

9    and procedure, and DEFENDANT perpetrated this scheme by refusing to pay PLAINTIFF

10   and the other members of the CALIFORNIA LABOR SUB-CLASS the correct minimum

11   wages for their time worked.

12       85.    In performing the acts and practices herein alleged in violation of California

13   labor laws, and refusing to compensate the members of the CALIFORNIA LABOR SUB-

14   CLASS for all time worked and provide them with the requisite compensation,

15   DEFENDANT acted and continues to act intentionally, oppressively, and maliciously

16   toward PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS

17   with a conscious of and utter disregard for their legal rights, or the consequences to them,

18   and with the despicable intent of depriving them of their property and legal rights, and

19   otherwise causing them injury in order to increase company profits at the expense of these

20   employees.

21       86.    PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-

22   CLASS therefore request recovery of all unpaid wages, according to proof, interest,

23   statutory costs, as well as the assessment of any statutory penalties against DEFENDANT,

24   in a sum as provided by the California Labor Code and/or other applicable statutes.  To the

25   extent minimum wage compensation is determined to be owed to the CALIFORNIA

26   LABOR SUB-CLASS Members who have terminated their employment, DEFENDANT's

27   conduct also violates Labor Code §§ 201 and/or 202, and therefore these individuals are also

28

33

CLASS ACTION COMPLAINT

1  be entitled to waiting time penalties under Cal. Lab. Code § 203, which penalties are sought

2  herein on behalf of these CALIFORNIA LABOR SUB-CLASS Members.  DEFENDANT's

3  conduct as alleged herein was willful, intentional and not in good faith.  Further,

4  PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS Members are entitled to seek

5  and recover statutory costs.

6

7                           **FOURTH CAUSE OF ACTION**

8                    **For Failure to Provide Required Meal Periods**

9                       **[Cal. Lab. Code §§ 226.7 & 512 ]**

10        **(By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS and Against All**

11                                   **Defendants)**

12        87.    PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-

13  CLASS, reallege and incorporate by this reference, as though fully set forth herein, the prior

14  paragraphs of this Complaint.

15        88.    During the CALIFORNIA CLASS PERIOD, from time to time,

16  DEFENDANT failed to provide all the legally required off-duty meal breaks to PLAINTIFF

17  and the other CALIFORNIA LABOR SUB-CLASS Members as required by the applicable

18  Wage Order and Labor Code.  The nature of the work performed by PLAINTIFF and

19  CALIFORNIA LABOR SUB-CLASS MEMBERS did not prevent these employees from

20  being relieved of all of their duties for the legally required off-duty meal periods.  As a

21  result of their rigorous work schedules and DEFENDANT's loss prevention inspection

22  policy, PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS Members were from

23  time to time not fully relieved of duty by DEFENDANT for their meal periods.

24  Additionally, DEFENDANT's failure to provide PLAINTIFF and the CALIFORNIA

25  LABOR SUB-CLASS Members with legally required meal breaks prior to their fifth (5th)

26  hour of work is evidenced by DEFENDANT's business records from time to time.  As a

27  result, PLAINTIFF and other members of the CALIFORNIA LABOR SUB-CLASS

28

                                          34
                              CLASS ACTION COMPLAINT

1  therefore forfeited meal breaks without additional compensation and in accordance with

2  DEFENDANT's corporate policy and practice.

3       89.    DEFENDANT further violated California Labor Code §§ 226.7 and the

4  applicable IWC Wage Order by failing to compensate PLAINTIFF and CALIFORNIA

5  LABOR SUB-CLASS Members who were not provided a meal period, in accordance with

6  the applicable Wage Order, one additional hour of compensation at each employee's regular

7  rate of pay for each workday that a meal period was not provided.

8       90.    As a proximate result of the aforementioned violations, PLAINTIFF and

9  CALIFORNIA LABOR SUB-CLASS Members have been damaged in an amount according

10  to proof at trial, and seek all wages earned and due, interest, penalties, expenses and costs of

11  suit.

12

13  **FIFTH CAUSE OF ACTION**

14  **For Failure to Provide Required Rest Periods**

15  **[Cal. Lab. Code §§ 226.7 & 512 ]**

16  **(By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS and Against All**

17  **Defendants)**

18       91.    PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-

19  CLASS, reallege and incorporate by this reference, as though fully set forth herein, the prior

20  paragraphs of this Complaint.

21       92.    PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS Members were

22  from time to time required to work in excess of four (4) hours without being provided ten

23  (10) minute rest periods.  Further, these employees were denied their first rest periods of at

24  least ten (10) minutes for some shifts worked of at least two (2) to four (4) hours, a first and

25  second rest period of at least ten (10) minutes for some shifts worked of between six (6) and

26  eight (8) hours, and a first, second and third rest period of at least ten (10) minutes for some

27  shifts worked of ten (10) hours or more from time to time.  PLAINTIFF and other

28

1  CALIFORNIA LABOR SUB-CLASS Members were also not provided with one hour

2  wages in lieu thereof.  As a result of their rigorous work schedules, PLAINTIFF and other

3  CALIFORNIA LABOR SUB-CLASS Members were periodically denied their proper rest

4  periods by DEFENDANT and DEFENDANT's managers.

5      93.    DEFENDANT further violated California Labor Code §§ 226.7 and the

6  applicable IWC Wage Order by failing to compensate PLAINTIFF and CALIFORNIA

7  LABOR SUB-CLASS Members who were not provided a rest period, in accordance with

8  the applicable Wage Order, one additional hour of compensation at each employee's regular

9  rate of pay for each workday that rest period was not provided.

10      94.    As a proximate result of the aforementioned violations, PLAINTIFF and

11 CALIFORNIA LABOR SUB-CLASS Members have been damaged in an amount according

12 to proof at trial, and seek all wages earned and due, interest, penalties, expenses and costs of

13 suit.

14                    **SIXTH CAUSE OF ACTION**

15            **For Failure to Provide Accurate Itemized Statements**

16                      **[Cal. Lab. Code § 226]**

17    **(By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS and Against All**

18                          **Defendants)**

19      95.    PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS,

20 reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs

21 of this Complaint.

22      96.    Cal. Labor Code § 226 provides that an employer must furnish employees with

23 an "accurate itemized" statement in writing showing:

24      (1) gross wages earned,

25      (2) total hours worked by the employee, except for any employee whose compensation

26         is solely based on a salary and who is exempt from payment of overtime under

27         subdivision (a) of Section 515 or any applicable order of the Industrial Welfare

28

                              36
                      CLASS ACTION COMPLAINT

1    Commission,

2    (3) the number of piecerate units earned and any applicable piece rate if the employee

3    is paid on a piece-rate basis,

4    (4) all deductions, provided that all deductions made on written orders of the employee

5    may be aggregated and shown as one item,

6    (5) net wages earned,

7    (6) the inclusive dates of the period for which the employee is paid,

8    (7) the name of the employee and his or her social security number, except that by

9    January 1, 2008, only the last four digits of his or her social security number or an

10   employee identification number other than a social security number may be shown on

11   the itemized statement,

12   (8) the name and address of the legal entity that is the employer, and

13   (9) all applicable hourly rates in effect during the pay period and the corresponding

14   number of hours worked at each hourly rate by the employee.

15   97.    Cal. Lab. Code § 226 provides that every employer shall furnish each of his or her

16   employees with an accurate itemized wage statement in writing showing, among other things,

17   gross wages earned and all applicable hourly rates in effect during the pay period and the

18   corresponding amount of time worked at each hourly rate. From time to time, DEFENDANT

19   violated Cal. Lab. Code § 226 by failing to provide wage statements that identified the correct

20   gross and net wages earned.  Aside from the violations listed above, DEFENDANT failed to

21   issue to PLAINTIFF an itemized wage statement that lists all the requirements under California

22   Labor Code 226 *et seq*.  As a result, from time to time DEFENDANT provided PLAINTIFF and

23   the other members of the CALIFORNIA LABOR SUB-CLASS with wage statements which

24   violated Cal. Lab. Code § 226.

25   98.    DEFENDANT knowingly and intentionally failed to comply with Cal. Labor

26   Code § 226, causing injury and damages to the PLAINTIFF and the other members of the

27   CALIFORNIA LABOR SUB-CLASS.  These damages include, but are not limited to, costs

28

37

CLASS ACTION COMPLAINT

expended calculating the correct rates for the overtime worked and the amount of employment taxes which were not properly paid to state and federal tax authorities. These damages are difficult to estimate. Therefore, PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS may elect to recover liquidated damages of fifty dollars ($50.00) for the initial pay period in which the violation occurred, and one hundred dollars ($100.00) for each violation in a subsequent pay period pursuant to Cal. Lab. Code § 226, in an amount according to proof at the time of trial (but in no event more than four thousand dollars ($4,000.00) for PLAINTIFF and each respective member of the CALIFORNIA LABOR SUB-CLASS herein).

## SEVENTH CAUSE OF ACTION

### For Failure to Pay Wages When Due

### [Cal. Lab. Code §§ 201, 202, 203]

### (By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS and Against All Defendants)

99.     PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS, reallege and incorporate by reference, as though fully set forth herein, the prior paragraphs of this Complaint.

100.    Cal. Lab. Code § 200 provides that:

As used in this article:

(a) "Wages" includes all amounts for labor performed by employees of every description, whether the amount is fixed or ascertained by the standard of time, task, piece, Commission basis, or other method of calculation.

(b) "Labor" includes labor, work, or service whether rendered or performed under contract, subcontract, partnership, station plan, or other agreement if the labor to be paid for is performed personally by the person demanding payment.

101.    Cal. Lab. Code § 201 provides, in relevant part, that "If an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately."

102.    Cal. Lab. Code § 202 provides, in relevant part, that:

1
2
3
4
5

> If an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting. Notwithstanding any other provision of law, an employee who quits without providing a 72-hour notice shall be entitled to receive payment by mail if he or she so requests and designates a mailing address. The date of the mailing shall constitute the date of payment for purposes of the requirement to provide payment within 72 hours of the notice of quitting.

6       103.    There was no definite term in PLAINTIFF's or any CALIFORNIA LABOR SUB-
7   CLASS Members' employment contract.

8       104.    Cal. Lab. Code § 203 provides:

9
10
11

> If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.5, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days.

12      105.    The employment of PLAINTIFF and many CALIFORNIA LABOR SUB-CLASS
13  Members has terminated and DEFENDANT has not tendered payment of wages, to these
14  employees, as required by law.

15      106.    Therefore, as provided by Cal Lab. Code § 203, on behalf of himself and the
16  members of the CALIFORNIA LABOR SUB-CLASS whose employment has terminated,
17  PLAINTIFF demands up to thirty days of pay as penalty for not paying all wages due at time
18  of termination for all employees who terminated employment during the CALIFORNIA
19  LABOR SUB-CLASS PERIOD, and demands an accounting and payment of all wages due,
20  plus interest and statutory costs as allowed by law.

21

## **PRAYER FOR RELIEF**

22      WHEREFORE, PLAINTIFF prays for judgment against each Defendant, jointly and
23  severally, as follows:

24  1.      On behalf of the CALIFORNIA CLASS:

25      A)      That the Court certify the First Cause of Action asserted by the CALIFORNIA
26          CLASS as a class action pursuant to Cal. Code of Civ. Proc. § 382;

27      B)      An order temporarily, preliminarily and permanently enjoining and restraining
28

CLASS ACTION COMPLAINT

1        DEFENDANT from engaging in similar unlawful conduct as set forth herein;

2    C)    An order requiring DEFENDANT to pay all wages and all sums unlawfuly withheld from compensation due to PLAINTIFF and the other members of the CALIFORNIA CLASS; and,

5    D)    Restitutionary disgorgement of DEFENDANT's ill-gotten gains into a fluid fund for restitution of the sums incidental to DEFENDANT's violations due to PLAINTIFF and to the other members of the CALIFORNIA CLASS.

8  2.    On behalf of the CALIFORNIA LABOR SUB-CLASS:

9    A)    That the Court certify the Second, Third, Fourth, Fifth, Sixth and Seventh Causes of Action asserted by the CALIFORNIA LABOR SUB-CLASS as a class action pursuant to Cal. Code of Civ. Proc. § 382;

12    B)    Compensatory damages, according to proof at trial, including compensatory damages for minimum wages and overtime compensation due PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS, during the applicable CALIFORNIA LABOR SUB-CLASS PERIOD plus interest thereon at the statutory rate;

17    C)    Meal and rest period compensation pursuant to California Labor Code Section 226.7 and the applicable IWC Wage Order;

19    D)    The greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per each member of the CALIFORNIA LABOR SUB-CLASS for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000), and an award of costs for violation of Cal. Lab. Code § 226;

24    E)    For liquidated damages pursuant to California Labor Code Sections 1194.2 and 1197; and,

26    F)    The wages of all terminated employees from the CALIFORNIA LABOR SUB-CLASS as a penalty from the due date thereof at the same rate until paid or

28

40

CLASS ACTION COMPLAINT

1        until an action therefore is commenced, in accordance with Cal. Lab. Code § 203.

2    3.    On all claims:

3        A)    An award of interest, including prejudgment interest at the legal rate;

4        B)    Such other and further relief as the Court deems just and equitable; and,

5        C)    An award of penalties, attorneys' fees and cost of suit, as allowable under the law

6            including, but not limited to, pursuant to Labor Code §226 and/or §1194.

7

8    Dated: January 25, 2021        BLUMENTHAL NORDREHAUG BHOWMIK DE BLOUW LLP

9

10                    By:  /s/ *Norman Blumenthal*
                            Norman B. Blumenthal
11                          Attorneys for Plaintiff

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1     **<u>DEMAND FOR A JURY TRIAL</u>**

2     PLAINTIFF demands a jury trial on issues triable to a jury.

3

4     Dated: January 25, 2021          BLUMENTHAL NORDREHAUG BHOWMIK DE BLOUW LLP

5

6
                            By:    /s/ *Norman Blumenthal*
7                                  Norman B. Blumenthal
                                   Attorneys for Plaintiff
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                    42
                            CLASS ACTION COMPLAINT

# EXHIBIT B

RICARDO EHMANN,  (SBN 320117)
BLUMENTHAL, NORDREHAUG & BHOWMIK
2255 CALLE CLARA
LA JOLLA, CA  92037
858-551-1223
Attorney for: DREW MARTINEZ, ETC.
Atty. File No.: 2327

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego
**03/25/2021** at 11:47:00 AM
Clerk of the Superior Court
By E- Filing,Deputy Clerk

SUPERIOR COURT OF CA., COUNTY OF SAN DIEGO
CENTRAL DIVISION-HALL OF JUSTICE

PLAINTIFF     : DREW MARTINEZ, ETC.
DEFENDANT   : NATIONAL STEEL AND ETC.

Case No. : 37-2021-00003396-CU-OE-CTL
**PROOF OF SERVICE OF SUMMONS**

1.    At the time of service I was at least 18 years of age and not a party to this action.

2.    I served copies of the   SUMMONS; COMPLAINT; ALTERNATIVE DISPUTE RESOLUTION (ADR)
                INFORMATION; STIPULATION TO USE OF ALTERNATIVE DISPUTE
                RESOLUTION; NOTICE OF CASE ASSIGNMENT; CIVIL CASE COVER
                SHEET

3.    a.  Party Served    :  NATIONAL STEEL AND SHIPBUILDING COMPANY, A CORPORATION
                AUTHORIZED AGENT FOR SERVICE: CT CORPORATION SYSTEM
      b.  Person Served  :  JESSIE GASTELUM, PROCESS SPECIALIST
                (AUTHORIZED TO ACCEPT FOR CT CORPORATION)

4.    Address where the party was served: 818 WEST 7TH STREET        SUITE 930
                LOS ANGELES, CA  90017  (Business)

5.    I served the party
      a.   **by personal service.**   I personally delivered the documents listed in item 2 to the party or person authorized to
           receive service of process for the party  (1)  on  March 17, 2021  (2) at: 08:40 AM

6.    The "Notice to the person served" (on the summons) was completed as follows:
      c.    on behalf of:  NATIONAL STEEL AND SHIPBUILDING COMPANY, A CORPORATION
                AUTHORIZED AGENT FOR SERVICE: CT CORPORATION SYSTEM
           under  [xx]  CCP 416.10  (corporation)

7.    **Person who served papers**
      a.  REGINALD RICHARDSON                       d.  Fee For Service : $ 112.15
      b.  KNOX ATTORNEY SERVICE                     e.  I am
           1550 HOTEL CIRCLE NORTH SUITE 440            (3)  a registered California process server
           SAN DIEGO, CA 92108                              (i)   an independent contractor
      c.  619-233-9700                                       (ii)  Registration No.: 152
                                                             (iii) County:  San Diego

8.    I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date :  March 23, 2021                       Signature: _Reginald Richardson_
                                                         REGINALD RICHARDSON

Jud. Coun. form, rule 2.150 CRC
JC Form POS 010 (Rev. January 1, 2007)

**PROOF OF SERVICE**                          Ref. No.: 1611338-01

# EXHIBIT C

CM-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| E. Joseph Connaughton / Evan A. Peña / Kelly A. Kagan    SBN: 166765 / 268510 / 336189 <br> Paul, Plevin, Sullivan & Connaughton LLP <br> 101 West Broadway, Ninth Floor <br> San Diego, CA 92101 <br> TELEPHONE NO.: 619-237-5200    FAX NO. *(Optional):* 619-615-0700 <br> E-MAIL ADDRESS *(Optional):* jconnaughton@paulplevin.com <br> ATTORNEY FOR *(Name):* Defendant National Steel and Shipbuilding Company | **ELECTRONICALLY FILED** <br> Superior Court of California, <br> County of San Diego <br> **04/13/2021** at 03:32:00 PM <br> Clerk of the Superior Court <br> By Melissa Reyes,Deputy Clerk |

| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF** SAN DIEGO |
|---|
| STREET ADDRESS: 330 West Broadway |
| MAILING ADDRESS: 330 West Broadway |
| CITY AND ZIP CODE: San Diego, 92101 |
| BRANCH NAME: Hall of Justice Courthouse |

| PLAINTIFF/PETITIONER: Drew Martinez | CASE NUMBER: <br> 37-2021-00003396-CU-OE-CTL |
|---|---|
| DEFENDANT/RESPONDENT: National Steel and Shipbuilding Company | JUDICIAL OFFICER: <br> Hon. Katherine Bacal |
| **NOTICE OF RELATED CASE** | DEPT.: <br> C-69 |

*Identify, in chronological order according to date of filing, all cases related to the case referenced above.*

1. a. Title: Tyon Hood v. National Steel and Shipbuilding Company
   b. Case number: 37-2021-00045498-CU-OE-CTL
   c. Court: [X] same as above
      [ ] other state or federal court *(name and address):*
   d. Department: C-74
   e. Case type: [ ] limited civil [X] unlimited civil [ ] probate [ ] family law [ ] other *(specify):*
   f. Filing date: December 10, 2020
   g. Has this case been designated or determined as "complex?" [ ] Yes [X] No
   h. Relationship of this case to the case referenced above *(check all that apply):*
      [X] involves the same parties and is based on the same or similar claims.
      [X] arises from the same or substantially identical transactions, incidents, or events requiring the determination of the same or substantially identical questions of law or fact.
      [ ] involves claims against, title to, possession of, or damages to the same property.
      [ ] is likely for other reasons to require substantial duplication of judicial resources if heard by different judges.
      [X] Additional explanation is attached in attachment 1h
   i. Status of case:
      [ ] pending
      [X] dismissed [ ] with [X] without prejudice
      [ ] disposed of by judgment

2. a. Title: Drew Martinez and Tyon Hood v. National Steel and Shipbuilding Company
   b. Case number: 37-2021-00007644-CU-OE-CTL
   c. Court: [X] same as above
      [ ] other state or federal court *(name and address):*
   d. Department: C-66

Page 1 of 3

| Form Approved for Optional Use <br> Judicial Council of California <br> CM-015 [Rev. July 1, 2007] | **NOTICE OF RELATED CASE** | Cal. Rules of Court, rule 3.300 <br> *www.courtinfo.ca.gov* <br> Westlaw Doc & Form Builder™ |
|---|---|---|

CM-015

| PLAINTIFF/PETITIONER: Drew Martinez | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: National Steel and Shipbuilding Company | 37-2021-00003396-CU-OE-CTL |

2. *(continued)*

    e.  Case type:  [ ] limited civil  [X] unlimited civil  [ ] probate  [ ] family law  [ ] other *(specify):*

    f.  Filing date: February 23, 2021

    g.  Has this case been designated or determined as "complex?"  [ ] Yes  [ ] No

    h.  Relationship of this case to the case referenced above *(check all that apply):*

        [X] involves the same parties and is based on the same or similar claims.

        [X] arises from the same or substantially identical transactions, incidents, or events requiring the determination of the same or substantially identical questions of law or fact.

        [ ] involves claims against, title to, possession of, or damages to the same property.

        [ ] is likely for other reasons to require substantial duplication of judicial resources if heard by different judges.

           [X] Additional explanation is attached in attachment 2h

    i.  Status of case:

        [X] pending

        [ ] dismissed  [ ] with  [ ] without prejudice

        [ ] disposed of by judgment

3.  a.  Title:

    b.  Case number:

    c.  Court:  [ ] same as above

        [ ] other state or federal court *(name and address):*

    d.  Department:

    e.  Case type:  [ ] limited civil  [ ] unlimited civil  [ ] probate  [ ] family law  [ ] other *(specify):*

    f.  Filing date:

    g.  Has this case been designated or determined as "complex?"  [ ] Yes  [ ] No

    h.  Relationship of this case to the case referenced above *(check all that apply):*

        [ ] involves the same parties and is based on the same or similar claims.

        [ ] arises from the same or substantially identical transactions, incidents, or events requiring the determination of the same or substantially identical questions of law or fact.

        [ ] involves claims against, title to, possession of, or damages to the same property.

        [ ] is likely for other reasons to require substantial duplication of judicial resources if heard by different judges.

           [ ] Additional explanation is attached in attachment 3h

    i.  Status of case:

        [ ] pending

        [ ] dismissed  [ ] with  [ ] without prejudice

        [ ] disposed of by judgment

4.  [ ] Additional related cases are described in Attachment 4. Number of pages attached: _____

Date: April 13, 2021

Evan A. Peña
    (TYPE OR PRINT NAME OF PARTY OR ATTORNEY)

▶ *Evan Peña*
    (SIGNATURE OF PARTY OR ATTORNEY)

CM-015 [Rev. July 1, 2007]        **NOTICE OF RELATED CASE**        Page 2 of 3

1 │ E. JOSEPH CONNAUGHTON (SBN 166765)
  │ jconnaughton@paulplevin.com
2 │ EVAN A. PENA (SBN 268510)
  │ epena@paulplevin.com
3 │ KELLY E. KAGAN (SBN 336189)
  │ kkagan@paulplevin.com
4 │ **PAUL, PLEVIN, SULLIVAN & CONNAUGHTON LLP**
  │ 101 West Broadway, Ninth Floor
5 │ San Diego, California 92101-8285
  │ Telephone: 619-237-5200
6 │ Facsimile: 619-615-0700

7 │ Attorneys for Defendant National Steel and
  │ Shipbuilding Company

8

9 │ <center>**SUPERIOR COURT OF THE STATE OF CALIFORNIA**</center>

10 │ <center>**COUNTY OF SAN DIEGO**</center>

11

12 │ DREW MARTINEZ, an individual, on behalf       │ Case No. 37-2021-00003396-CU-OE-CTL
   │ of himself and on behalf of all persons
13 │ similarly situated,                            │ **ATTACHMENTS 1(H) AND 2(H) TO**
   │                                                │ **DEFENDANT NATIONAL STEEL AND**
14 │                          Plaintiff,            │ **SHIPBUILDING COMPANY'S NOTICE**
   │                                                │ **OF RELATED CASES**
15 │            v.
   │                                                │ **IMAGED FILE**
16 │ NATIONAL STEEL AND SHIPBUILDING
   │ COMPANY, a Corporation; and Does 1            │ Judge:        Hon. Judge Katherine Bacal
17 │ through 50, Inclusive,                         │ Dept.:        69
   │                                                │ Action Filed: January 25, 2021
18 │                          Defendants.          │ Trial Date:   None set

19 │        As a supplement to Defendant National Steel and Shipbuilding Company's ("NASSCO")

20 │ Notice of Related Cases, NASSCO hereby notifies the Court of additional commonalities between

21 │ the following cases:

22 │        1.   *Tyon Hood v. National Steel and Shipbuilding Company*, San Diego Superior

23 │             Court, Case No. 37-2020-00045498-CU-OE-CTL ("*NASSCO I*"), filed December

24 │             10, 2020, and dismissed without prejudice on January 22, 2021;

25 │        2.   This matter, *Drew Martinez v. National Steel and Shipbuilding Company,* San

26 │             Diego Superior Court, Case No. 37-2021-00003396-CU-OE-CTL ("*NASSCO II*"),

27 │             filed January 25, 2021; and

28 │        3.   *Drew Martinez and Tyon Hood v. National Steel and Shipbuilding Company*, San

ATTACHMENTS 1(H) AND 2(H) TO DEFENDANT NATIONAL STEEL AND SHIPBUILDING COMPANY'S
NOTICE OF RELATED CASES

1   Diego Superior Court, Case No. 37-2021-00007644-CU-OE-CTL ("*NASSCO III*"),

2   filed February 23, 2021.

3   *NASSCO I* has the earliest filing date but was ordered dismissed without prejudice by the

4   Honorable Judge Ronald L. Styn in Department C-74.  This matter (*NASSCO II*) has the earliest

5   filing date for the actions that are currently pending before the Court, and it is pending before the

6   Honorable Judge Katherine Bacal in Department C-69.

7   First, these three cases are related because they involve effectively the same parties and

8   attorneys.  Tyon Hood is a current employee of NASSCO, and he is a plaintiff in *NASSCO I* and

9   *NASSCO III*.  Drew Martinez is a former employee of NASSCO, and he is a plaintiff in this matter

10  (*NASSCO II*) and *NASSCO III*.  In all three cases, plaintiffs seek to represent other hourly

11  employees of NASSCO, either on a class basis (*NASSCO I* and this matter, *NASSCO II*) or under

12  the Private Attorney Generals Act or "PAGA" (*NASSCO III*).  NASSCO is also the sole named

13  Defendant in all three cases.  Lastly, the same firms represent both sides in all three matters: Paul,

14  Plevin, Sullivan & Connaughton, LLP for NASSCO, and Blumenthal Nordrehaug Bhowmik De

15  Blouw LLP for Hood and Martinez.

16  Second, all three matters are wage and hour law cases that arise from the same alleged

17  violations of the California Labor Code.  Specifically, *NASSCO I* was a putative class action for

18  the following alleged Labor Code violations: failure to pay all overtime and minimum wages,

19  failure to provide meal and rest periods, and failure to provide accurate wage statements.

20  *NASSCO I* also alleged unfair competition under California Business and Professions Code section

21  17200, *et seq.*, based on the alleged Labor Code violations listed immediately above.

22  This matter (*NASSCO II*) is also a putative class action for the following alleged Labor

23  Code violations: failure to pay all overtime and minimum wages, failure to provide meal and rest

24  periods, failure to provide accurate wage statements, and failure to pay all wages at termination.

25  This matter also alleges unfair competition under California Business and Professions Code

26  section 17200, *et seq.*, based on the alleged Labor Code violations listed immediately above.

27  *NASSCO III* brings a representative claim under the PAGA for alleged failure to pay all

28  overtime and minimum wages, provide meal and rest periods, provide accurate wage statements,

PAUL, PLEVIN,
SULLIVAN &
CONNAUGHTON LLP

2

ATTACHMENTS 1(H) AND 2(H) TO DEFENDANT NATIONAL STEEL AND SHIPBUILDING COMPANY'S
NOTICE OF RELATED CASES

50
Notice of Removal - Exhibit C

1    pay timely final wages, and reimburse for business expenses.

2        Finally, all three matters request the same or similar relief: a finding that NASSCO

3    violated the Labor Code by failing to properly pay employees for all hours worked, including

4    overtime, provide compliant rest breaks, meal periods, and wage statements, and/or reimburse

5    business expenses.  Plaintiffs seeks lost wages and premiums in *NASSCO I* and this matter

6    (*NASSCO II*), while they seek PAGA penalties in *NASSCO III*.  However, those remedies are

7    based on the same alleged wage and hour violations, and there is no reason why plaintiffs could

8    not have sought all of these remedies in a single action.  Lastly, plaintiffs request their attorneys'

9    fees and costs in all three matters.

10        In light of the foregoing, *NASSCO I,* this matter (*NASSCO II*), and *NASSCO III* constitute

11    related cases under Rule 3.300 of the California Rules of Court.

12

13    Dated:  April 13, 2021         PAUL, PLEVIN, SULLIVAN & CONNAUGHTON LLP

14

15               By:      _____

16                 E. JOSEPH CONNAUGHTON
                 EVAN A. PEÑA

17                 KELLY E. KAGAN
                 Attorneys for Defendant National Steel and

18                 Shipbuilding Company

19

20

21

22

23

24

25

26

27

28

CM-015

| | |
|---|---|
| _ PLAINTIFF/PETITIONER: Drew Martinez | CASE NUMBER: |
| DEFENDANT/RESPONDENT: National Steel and Shipbuilding Company | 37-2021-00003396-CU-OE-CTL |

## PROOF OF SERVICE BY FIRST-CLASS MAIL
### NOTICE OF RELATED CASE

*(NOTE: You cannot serve the* **Notice of Related Case** *if you are a party in the action. The person who served the notice must complete this proof of service.  The notice must be served on all known parties in each related action or proceeding.)*

1.  I am at least 18 years old and **not a party to this action.**  I am a resident of or employed in the county where the mailing took place, and my residence or business address is *(specify):*

2.  I served a copy of the *Notice of Related Case* by enclosing it in a sealed envelope with first-class postage fully prepaid and *(check one):*
    a. ☐ deposited the sealed envelope with the United States Postal Service.
    b. ☐ placed the sealed envelope for collection and processing for mailing, following this business's usual practices, with which I am readily familiar. On the same day correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service.

3.  The *Notice of Related Case* was mailed:
    a.  on *(date):*
    b.  from *(city and state):*

4.  The envelope was addressed and mailed as follows:
    a.  Name of person served:                          c.  Name of person served:

        Street address:                                      Street address:
        City:                                                City:
        State and zip code:                                  State and zip code:

    b.  Name of person served:                          d.  Name of person served:

        Street address:                                      Street address:
        City:                                                City:
        State and zip code:                                  State and zip code:

☐ Names and addresses of additional persons served are attached. *(You may use form POS-030(P).)*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

_____          ▶  _____
(TYPE OR PRINT NAME OF DECLARANT)             (SIGNATURE OF DECLARANT)

**PROOF OF SERVICE**

**Martinez v. National Steel and Shipbuilding**
**Case No. 37-2021-00003396-CU-OE-CTL**

**STATE OF CALIFORNIA, COUNTY OF SAN DIEGO**

At the time of service, I was over 18 years of age and not a party to this action.  I am employed in the County of San Diego, State of California.  My business address is 101 West Broadway, Ninth Floor, San Diego, CA 92101-8285.

On April 13, 2021, I served true copies of the following document(s) described as **NOTICE OF RELATED CASE** on the interested parties in this action as follows:

Norman B. Blumenthal
Kyle R. Nordrehaug
Aparajit Bhowmik
Nicholas J. De Blouw
Blumenthal, Nordrehaug Bhowmik De Blouw, LLP
2255 Calle Clara
La Jolla, CA 92037
Telephone: (858) 551-1223
Facsimile: (858) 551-1232
E-Mail: norm@bamlawca.com
E-Mail: kyle@bamlawca.com
E-Mail: aj@bamlawca.com
E-Mail: nick@bamlawca.com

Attorneys for Plaintiff Drew Martinez

**BY MAIL:**  I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List, with postage thereon fully prepaid.  I placed each such envelope or package for deposit with United States Postal Service, this same day, at my business address shown above, following ordinary business practices.

**BY E-MAIL OR ELECTRONIC TRANSMISSION:**  I caused a copy of the document(s) to be sent from e-mail address wfarrell@paulplevin.com to the persons at the e-mail addresses listed in the Service List.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on April 13, 2021, at San Diego, California.

_____
Whitney W. Farrell

## PROOF OF SERVICE

**Drew Martinez v. National Steel and Shipbuilding Company**

**STATE OF CALIFORNIA, COUNTY OF SAN DIEGO**

At the time of service, I was over 18 years of age and not a party to this action.  I am employed in the County of San Diego, State of California.  My business address is 101 West Broadway, Ninth Floor, San Diego, CA 92101-8285.

On April 15, 2021, I served true copies of the following document(s) described as **DEFENDANT'S NOTICE OF REMOVAL UNDER 28 U.S.C. § 1331 AND 1441** on the interested parties in this action as follows:

Norman B. Blumenthal
Kyle R. Nordrehaug
Aparajit Bhowmik
Nicholas J. De Blouw
Blumenthal, Nordrehaug Bhowmik De Blouw, LLP
2255 Calle Clara
La Jolla, CA 92037
Telephone: (858) 551-1223
Facsimile: (858) 551-1232
E-Mail: norm@bamlawca.com
E-Mail: kyle@bamlawca.com
E-Mail: aj@bamlawca.com
E-Mail: nick@bamlawca.com

Attorneys for Plaintiff Drew Martinez

**BY MAIL:**  I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List, with postage thereon fully prepaid.  I placed each such envelope or package for deposit with United States Postal Service, this same day, at my business address shown above, following ordinary business practices.

**BY E-MAIL OR ELECTRONIC TRANSMISSION:**  I caused a copy of the document(s) to be sent from e-mail address wfarrell@paulplevin.com to the persons at the e-mail addresses listed in the Service List.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on April 15, 2021, at San Diego, California.

Whitney W. Farrell