E. JOSEPH CONNAUGHTON (SBN 166765)
jconnaughton@paulplevin.com
EVAN A. PEÑA (SBN 268510)
epena@paulplevin.com
KELLY E. KAGAN (SBN 336189)
kkagan@paulplevin.com
**PAUL, PLEVIN, SULLIVAN & CONNAUGHTON LLP**
101 West Broadway, Ninth Floor
San Diego, California 92101-8285
Telephone: 619-237-5200
Facsimile: 619-615-0700

Attorneys for Defendant National Steel
and Shipbuilding Company

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DREW MARTINEZ, an individual, on behalf of himself and on behalf of all persons similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>NATIONAL STEEL AND SHIPBUILDING COMPANY, a Corporation; and Does 1 through 50, Inclusive,<br><br>    Defendants.<br><br>AND RELATED CASE | Case No. 3:21-cv-00665-AJB-LL<br><br>Related Case No. 3:21-cv-00663-AJB-LL<br><br>**DEFENDANT NATIONAL STEEL AND SHIPBUILDING COMPANY'S OPPOSITION TO PLAINTIFF DREW MARTINEZ'S MOTION FOR DISMISSAL WITHOUT PREJUDICE**<br><br>Date:            February 10, 2022<br>Time:           2:00 p.m.<br>Judge:          Anthony J. Battaglia<br>Magistrate Judge:  Linda Lopez<br>Courtroom:  4a<br><br>Complaint Filed:  January 25, 2021<br>Trial Date:          Not Set |

# I. INTRODUCTION

Plaintiff Drew Martinez's ("Martinez") request to dismiss this action, without prejudice, shouldn't be viewed in a vacuum. His attorneys of record, Blumenthal Nordehaug Bhowmik de Blouw LLP, have now filed *four*, nearly-identical wage-and-hour lawsuits against Defendant National Steel and Shipbuilding Company ("NASSCO") over the last two years. Opposing counsel has repeatedly alleged class claims against NASSCO, even though a CBA plainly bars class relief, but has avoided a negative ruling by dismissing, or attempting to dismiss, the putative class claims, without prejudice, on three occasions: Cynthia Gomez, Tyon Hood, and now Martinez. Because *Hood* was still in state court when he requested to dismiss his putative class claims, his lawyers explained why:

> 7. Given that there is a CBA with a valid arbitration agreement that includes a class action waiver, Plaintiff agrees to dismiss his class and individual claims without prejudice.

Declaration of Evan Peña, Ex. A [Request for Dismissal and Supporting Declaration], p. 4. Despite this seemingly clear admission, opposing counsel filed the current putative class action *less than two weeks later*. NASSCO removed to this Court and filed a motion to compel arbitration of Martinez's individual claims and to dismiss his putative class claims, based on the same CBA. Martinez responded with a motion for remand and an opposition to NASSCO's motion to dismiss. In both filings, counsel argue that the CBA does not bar class relief, *even though they conceded in Hood that it does.*[1] Martinez's request to dismiss this action thus seems to be another transparent attempt to avoid a ruling that NASSCO's CBA is enforceable.

Per Rule 41(a)(2), the Court may grant a request for dismissal "on terms that the court considers proper." Granting Martinez's request for dismissal without

---

[1] Because Martinez has filed his request for voluntary dismissal under Rule 41, Rule 12(d)'s bar on outside evidence no longer applies and NASSCO may offer evidence outside the "four corners of the Complaint."

prejudice, however, would be improper and would prejudice NASSCO. NASSCO has now defended itself in four separate, yet largely-identical wage-and-hour suits by opposing counsel, without any decision by this Court that might deter yet another barred action. The Court should therefore exercise its discretion and convert Martinez's motion into a request for dismissal with prejudice, or simply deny his request and instead rule on NASSCO's pending motion to dismiss.

## II. PROCEDURAL BACKGROUND

### A. The Serially-Filed Lawsuits

In February 2020, Plaintiff Cynthia Gomez, represented by Martinez's counsel of record here, brought individual, class, and PAGA claims against NASSCO. Declaration of Debora Burke, ¶ 3; Ex. B [Gomez Complaint]. Among other claims, Gomez alleged:

- Unfair Competition in Violation of Cal. Bus. & Prof. Code §§ 17200, *et seq*.;
- Failure to pay overtime wages in violation of Cal. Labor Code §§ 510, *et seq*.;
- Failure to pay minimum wages in violation of Cal. Labor Code §§ 1194, 1197 and 1197.1;
- Failure to provide meal periods in violation of Cal. Labor Code §§ 226.7, 512, and the applicable IWC Wage Order;
- Failure to provide rest periods in violation of Cal. Labor Code §§ 226.7, 512, and the applicable IWC Wage Order;
- Failure to provide accurate itemized statements in violation of Cal. Labor Code § 226; and
- Failure to provide wages when due in violation of Cal. Labor Code §§ 201, 202 and 203.

*Ibid*. These seven wage-and-hour claims by Gomez *are the same* seven wage-and-hour claims Martinez has raised here. *Compare* Ex. B, p. 1; Dkt 1-2 [Complaint], p. 1. After NASSCO removed the *Gomez* action and apprised her that a CBA barred any class relief, Gomez agreed to settle her individual claims, and dismiss her putative class claims and PAGA claim, without prejudice. *See* Burke Decl., ¶ 4; Ex. C [Gomez Stipulation of Dismissal]. The Honorable Judge M. James Lorenz therefore dismissed Gomez's putative class claims and her PAGA claim, without

prejudice, on December 8, 2020.  Burke Decl., ¶ 5; Ex. D [Gomez Dismissal Order].

*Two days later* (December 10, 2020), opposing counsel filed another wage and hour class action against NASSCO, this time on behalf of Tyon Hood.  Peña Decl., ¶ 2; Ex. E [Hood Complaint].  Hood raised six of the seven wage and hour claims[2] that Gomez had just dismissed, and Martinez raises here.  *Compare* Ex. B, p. 1; Ex. E, p. 1; Dkt 1-2 [Complaint].  While meeting and conferring regarding possible removal, NASSCO again apprised counsel that a CBA barred the class relief sought and required Hood to arbitrate his individual claims.  Peña Decl., ¶ 3.  Counsel agreed and responded that Hood would dismiss his individual and class claims, without prejudice.  *Ibid.*  Because the *Hood* matter was still in California state court, California Rule of Court 3.770, which governs the dismissal of class actions, applied.  That Rule states: "Requests for dismissal must be accompanied by a declaration setting forth the facts on which the party relies."  Cal. Rule of Court, Rule 3.770(a).  As previously discussed, Martinez's counsel of record therefore filed a declaration, under penalty of perjury, admitting that a CBA barred Hood's class claims:

> 7.  Given that there is a CBA with a valid arbitration agreement that includes a class action waiver, Plaintiff agrees to dismiss his class and individual claims without prejudice.

Ex. A, p. 4.  The Honorable Judge Ronald L. Styn dismissed Hood's individual and class claims, without prejudice, on January 22, 2021.  *Id.* at p. 2.

*Three days later* (January 25, 2021), Martinez filed this putative class action.  *See* Dkt 1-2.  Martinez raised the same wage and hour claims that Gomez and Hood had previously raised.  *Compare* Dkt. 1-2, p. 1; Ex. B [Gomez Complaint], p. 1; Ex. E [Hood Complaint], p. 1.  On April 15, 2021, NASSCO timely removed to this Court.  *See* Dkt. 1.

---

[2] The one claim Hood omitted was for failing to provide wages due at the time of termination; likely because he was, and still is, employed by NASSCO.  *See* Ex. E, ¶ 3; Burke Decl., ¶ 4.

On February 23, 2021, Martinez's attorney filed a fourth wage and hour case against NASSCO, on behalf of both Hood (making this Hood's second lawsuit against NASSCO in less than four months) and Martinez (also his second suit).  *See* Dkt. 1-2 in Related Case No. 3:21-cv-00663-AJB-LL.  Hood and Martinez raised the same wage and hour violations that their attorneys had previously raised in: 1) *Gomez;* 2) the first *Hood* matter; and 3) the case currently before the Court; the only difference being that Hood and Martinez are seeking PAGA penalties for those alleged violations.  *Compare* Dkt. 1-2 in Related Case No. 3:21-cv-00663-AJB-LL, 3:18-4:1; Dkt. 1-2, p. 1; Ex. B [Gomez Complaint], p. 1; Ex. E [Hood Complaint], p. 1.  On April 15, 2021, NASSCO timely removed Martinez and Hood's PAGA action to this Court.  *See* Dkt. 1 in Related Case No. 3:21-cv-00663-AJB-LL.  That PAGA action was assigned to this Court.

On April 22, 2021, NASSCO filed Notices of Related Cases regarding this matter, as well as Martinez and Hood's PAGA matter, pursuant to Southern District Local Rule 40.1.f–g.  *See* Dkt. 7.   This matter was subsequently transferred to this Court, joining Martinez and Hood's PAGA action.  Dkt. 9.

**B.     Both Parties' Pending Motions**

On April 22, 2021, NASSCO moved to dismiss this action <u>with prejudice</u> under Federal Rule of Civil Procedure 12(b)(6).  *See, e.g.*, Dkt. 8-1, pp. 6–7.  The parties then fully briefed the motion, including an opposition, a reply, and two notices of supplemental authority.  *See* Dkts. 15, 21, 25 & 28.  Martinez also filed a motion for remand, which the parties also fully briefed.  *See* Dkts. 18, 22, 23.  On July 21, 2021, the Court determined that both sides' pending motions could be decided on the papers, without any argument.  Dkt. 24.

**C.     Martinez Raises Dismissing This Matter, Without Prejudice**

On November 29, 2021, more than seven months after NASSCO filed its motion to dismiss, Martinez spontaneously informed counsel that he wished to dismiss this action <u>without prejudice</u>, and also dismiss Martinez as a plaintiff in the

PAGA action. Peña Decl., ¶ 5. Counsel claimed that Martinez simply had no interest in further litigation. *Ibid.* NASSCO responded that it did not oppose Martinez's dismissal of his individual claims, without prejudice, or his dismissal as a plaintiff in the PAGA case. *Ibid.* NASSCO, however, opposed the dismissal of his class claims, <u>without prejudice</u>, because NASSCO's motion to dismiss his class claims was still pending and, as previously discussed, this was now the third time that plaintiffs' counsel had pursued and then abandoned, inappropriate class claims. *Ibid.* NASSCO therefore proposed stipulating to the certification of Martinez's classes for the purposes of court approval and dismissal, which would therefore moot NASSCO's pending motion to dismiss. *Ibid.* Martinez categorically rejected that proposal and affirmed that he was solely interested in the dismissal of his class and individual claims, without prejudice. *Ibid.* Martinez's motion for voluntary dismissal followed soon thereafter. *See* Dkt. 29. As further explained, below, NASSCO hereby requests that the Court either: 1) convert Martinez's motion to dismiss <u>without prejudice</u> into a motion to dismiss <u>with prejudice</u>; or 2) deny his motion and instead proceed with ruling on NASSCO's pending motion to dismiss.

### III. LEGAL ARGUMENT

**A.   A Rule 41(a)(2) Dismissal Must be on Proper Terms**

Under Federal Rule of Civil Procedure 41(a)(2), "an action may be dismissed at the plaintiff's request only by court order" and is only effective "on terms that the court considers proper." Fed. R. Civ. Proc. 41(a)(2). "The purpose of [Rule 41(a)(2)] is to permit a plaintiff to dismiss an action without prejudice <u>so long as the defendant will not be prejudiced . . . or unfairly affected by dismissal</u>." *Stevedoring Servs. of Am. v. Armilla Intern. B.V.*, 889 F.2d 919, 921 (9th Cir. 1989) (emphasis added). "A motion for voluntary dismissal under Rule 41(a)(2) is addressed to the district court's sound discretion . . . ." *Ibid*; *see also Thompson v. Janssen Pharms., Inc.*, Civ. No. 17-56769, 756 F. App'x 740, 741 (9th Cir. Mar. 8, 2019) (same). Furthermore, Rule 41's "broad grant of discretion [to the trial court] does not

contain a preference for one kind of dismissal or another." *Hargis v. Foster*, 312 F.3d 404, 412 (9th Cir. 2002). In other words, there is no presumption that a dismissal under Rule 41 should be <u>without prejudice</u>; instead, the court determines which dismissal is appropriate after considering prejudice and unfairness to the opposing party. *See Ibid.*

**B.     The Court has Discretion to Convert Martinez's Request for Dismissal <u>Without Prejudice</u> into a Dismissal <u>With Prejudice</u>**

When considering whether a Rule 41(a)(2) dismissal is proper, a district court may consider whether the plaintiff has asked for a voluntary dismissal merely to avoid an adverse ruling. *See Thompson*, 756 F. App'x at 741 (citing *Terrovona v. Kincheloe*, 852 F.2d 424, 429 (9th Cir. July 7, 1998); *Helio, LLC v. Palm, Inc.*, Civ. No. C 06-7754 SBA, 2007 WL 1063507, at *2 (N.D. Cal. Apr. 9, 2007) ("[A] voluntary dismissal may not be appropriate where the sole reason for the plaintiff's request for dismissal is apprehension regarding a possible adverse ruling on a pending . . . dispositive motion."). For example, in *Thompson*, the plaintiff moved to dismiss without prejudice after the parties had "already engaged in substantial discovery and reached the summary judgment stage . . . ." 756 F. App'x at 741. "The district court also found that Thompson had not adequately explained why he delayed so long in requesting a voluntary dismissal . . . ." *Ibid.* Because it appeared the plaintiff in *Thompson* was trying to avoid a negative ruling on defendant's pending summary judgment motion, the District Court denied his motion to dismiss without prejudice and proceeded to grant defendants' motion for summary judgement. *Ibid.* The Ninth Circuit affirmed. *Ibid.*; *see also Maxum Indem. Ins. Co. v. A-1 All Am. Roofing Co.*, Civ. No. 07–55396, 299 F. App'x 664, 665–66 (9th Cir. Nov. 3, 2008) (also affirmed denial of plaintiff's motion to dismiss without prejudice due to pending motion for summary judgment).

A pending motion for summary judgment, however, is not required for the Court to deny plaintiff's motion to dismiss. In fact, if a motion to dismiss by

defendant is already pending, and then plaintiff files a motion to dismiss without prejudice, the court, in its discretion, may convert plaintiff's motion into a request to dismiss, with prejudice. *See Young v. Bishop Estate*, Civ. No. 10–15930, 497 F. App'x 735, 736–37 (9th Cir. Nov. 7, 2012) ("The district court did not abuse its discretion in dismissing <u>with prejudice</u> Young's claims. . . . Defendants had already moved to dismiss the claims with prejudice . . . ." (emphasis original)). As the court noted in *Young,* defendants had demonstrated in their pending motion that plaintiff would not be able to successfully amend, and plaintiff had not shown otherwise, which therefore supported dismissal, <u>with prejudice</u>. *Ibid.*

  *Young* is not an outlier. Multiple courts have responded to a plaintiff's request for dismissal without prejudice by instead dismissing those claims with prejudice. *See, e.g.*, *Hargis v. Foster*, 312 F.3d 404, 412 (9th Cir. 2002) (affirmed trial court's dismissal of two claims with prejudice, even though plaintiff requested dismissal without prejudice); *Diamond State Ins. Co. v. Genesis Ins. Co.*, Civ. No. 09–16733, 379 F. App'x 671, 672 (9th Cir. May 19, 2010) (affirmed trial court's conversion of plaintiff's request for dismissal without prejudice into a dismissal with prejudice).

  Here, Martinez plainly seeks dismissal without prejudice to avoid an adverse ruling on NASSCO's motion to dismiss that was filed more than eight months ago (April 2021). Dkt. 8-1 at 6–7. Although the parties have not engaged in substantial discovery as the parties in *Thompson* did, NASSCO, like the defendant in *Thompson*, has a pending dispositive motion. Dkt. 8-1 at 6–7; *Thompson*, 756 F. App'x at 741. If the Court grants NASSCO's pending 12(b)(6) motion and thereby compels Martinez's individual claims to arbitration, and enforces the class action waiver in the CBA, that would end this action. Martinez simply has no other claims or theories. *See* Dkt. 1-2. Nor has Martinez ever identified how he might amend his Complaint to avoid the CBA at issue.

/ / /

Additionally, like the plaintiff in *Thompson*, Martinez cannot "adequately explain [] why he delayed so long in requesting a voluntary dismissal." *Thompson*, 756 F. App'x at 741. NASSCO's motion to dismiss had been pending for more than seven months when Martinez spontaneously notified NASSCO that he was no longer interested in litigation. Peña Decl., ¶¶ 4-5. This unexplained delay indicates that Martinez is simply trying to avoid a dispositive ruling, which supports converting it into a dismissal with prejudice. *Thompson*, 756 F. App'x at 741; *see also Maxum Indem. Ins. Co.*, 299 F. App'x at 666 (district court may consider whether plaintiff is attempting to avoid an adverse ruling).

The fact that Martinez's attorneys have serially filed four nearly-identical wage-and-hour cases against NASSCO further supports dismissal with prejudice. As previously discussed, his attorneys dismissed the class claims in *Gomez*, without prejudice, more than a year ago. Ex. D [Gomez Dismissal Order]. Days later they filed anew. Peña Decl., ¶ 2; Ex. E [Hood Complaint]. When confronted with the CBA, they simply dismissed and filed anew, again, and again. Peña Decl., ¶¶ 3-5; Ex. A [Hood Dismissal and Declaration]; Dkt 1-2 [Martinez Complaint]; Dkt. 1-2 in Related Case No. 3:21-cv-00663-AJB-LL [Hood/Martinez PAGA Complaint].

It is indisputable, however, that Martinez's attorneys knew that the CBA barred his class claims when they dismissed the first *Hood* action because they *admitted it under the penalty of perjury*. Ex. A, p. 4. That declaration is more than 11 months old, yet Martinez's attorneys still filed the current action, and now try to blithely dismiss. Dkt. 1-2; Peña Decl., ¶¶ 4-5. These unnecessary litigation costs prejudiced NASSCO, and will only further prejudice NASSCO if the Court allows Martinez to dismiss this matter without prejudice, thereby putting NASSCO at risk of revisiting this Groundhog Day-like process again. The Court should accordingly deny Martinez's motion and instead either rule on NASSCO's pending motion or, in the alternative, convert Martinez's request into a dismissal <u>with prejudice</u>.

/ / /

### C. Martinez's Authorities Do Not Require Dismissal Without Prejudice

As discussed above, the Court has discretion when faced with a motion to dismiss under Rule 41(a)(2). Martinez has cited a few cases where a court exercised that discretion and allowed a party to voluntarily dismiss its claim, without prejudice, but each is distinguishable. In *Smith v. Lenches,* for example, plaintiff had claims under both state and federal law. 263 F.3d 972, 974 (9th Cir. 2001). When plaintiff moved under Rule 41(a)(2) to voluntarily dismiss those claims, the court dismissed the federal claims <u>with prejudice</u> and the state claims <u>without prejudice</u>. *Ibid.* The court explained that it dismissed the federal claims with prejudice because they were untenable, and dismissal with prejudice protected defendant from having to unnecessarily defend itself against those federal claims a second time. *Id.* at 976 ("[T]he district court here dismissed, with prejudice, the federal claims so they cannot be reasserted in another federal suit . . . .") Meanwhile, the court dismissed the state law claims without prejudice because a favorable ruling by the California Supreme Court indicated those state law claims were likely viable. *Id.* at 975-76. Allowing plaintiff to pursue viable state law claims in state court therefore did not prejudice defendant. *Ibid.*

Unlike *Smith*, Martinez has not identified a change in law that might allow him to avoid the class action waiver in the CBA. The portion of *Smith* discussing Smith's state law claims therefore provides no support to Martinez. This Court should instead follow the portion of *Smith* discussing Smith's federal law claims and dismiss them with prejudice, because they are untenable and ruling on them now will prevent them from being "reasserted in another federal suit" against NASSCO. 263 F.3d 972 at 976.

Likewise, Martinez's reliance on *Bennett v. Dhaliwal* is incongruous with the facts of this case. *See, e.g.*, Dkt. 29-1 at 5 (citing *Bennett*, Civ. Nos. 15-56448 & 16-55694, 721 F. App'x 577, 578 (9th Cir. Dec. 5, 2017)). *Bennett* is a prisoner case in which the plaintiff failed to prosecute his claims and the defendant had not filed any

other pending dispositive motion, unlike NASSCO here.  *Compare Bennett*, 721 F. App'x at 578, *with* Dkt. 8-1 at 6–7.

### D. A Rule 41(a)(1) Dismissal Is Not Available to Martinez

Here, Martinez explicitly moved to dismiss under Rule 41(a)(2).  *See, e.g.*, Dkt. 29-1 at 2–3 (explaining the legal standard for Rule 41(a)(2) dismissal).  In a puzzling footnote, however, he contends he is entitled to dismissal without prejudice pursuant to Rule 41(a)(1)(A)(i) and that he only brings his motion under Rule 42(a)(2) in an "abundance of caution."  *See* Dkt. 29-1 at 2, n.1.  Martinez neglects to explain <u>why</u> he is not moving for dismissal under Rule 41(a)(1).  To the extent Martinez argues his motion under Rule 41(a)(2) should instead be interpreted as a motion under Rule 41(a)(1)(A)(i), he should be estopped from taking that position because: 1) Rule 41(a)(1)(A)(i) is unavailable if a defendant has filed a motion for summary judgment; and 2) Martinez repeatedly treated NASSCO's pending motion to dismiss as a motion for summary judgment.  Fed. R. Civ. Proc., R. 41(a)(1)(A)(i) (unilateral dismissal under this section only available until "opposing party serves either an answer or a motion for summary judgment . . . .").

Martinez first treated NASSCO's motion to dismiss as a motion for summary judgment by attaching "matters outside the pleadings" to his opposition.  Dkt. 16; Fed. R. Civ. Proc., R. 12(d).  For instance, Martinez submitted a printout from NASSCO's website as Exhibit 6, and he highlighted portions of that document regarding the creation of NASSCO's shipyard and its work building and repairing ships.  *See* Dkt. 16-1, Ex. 6.  Similarly, Martinez introduced a NASSCO Wage Statement as Exhibit 7 to contend that, "[a] review of wage statements during the class period unequivocally show that the regular rates of pay are incorrectly placed and do not contain all renumeration for work performed."  *See* Dkt. 16, 18:24-27; *see also* Dkt. 16-1, Ex. 7.  In other words, by going beyond the "four corners of the Complaint" and introducing outside evidence, Martinez treated NASSCO's motion to dismiss under Rule 12(b)(6) as a motion for summary judgment under Rule 56.

Fed. R. Civ. Proc., R. 12(d) ("If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56.")  Martinez also repeatedly referred to NASSCO's motion to dismiss as a motion for summary judgment in his opposition.  *See e.g.,* Dkt. 16, p. 16-18 ("DEFENDANT HAS NOT ESTABLISHED THAT IT IS ENTITLED TO SUMMARY JUDGMENT AS A MATTER OF LAW").  Dismissal under Rule 41(a)(1) is therefore unavailable to Martinez because he effectively converted NASSCO's 12(b)(6) motion into a motion for summary judgment by bringing in outside evidence and arguing as if NASSCO had brought a motion for summary judgment.  *See* Fed. R. Civ. Proc., R. 41(a)(1)(A)(i).

## IV. CONCLUSION

For the reasons set forth above, NASSCO respectfully requests the Court deny Martinez's motion to dismiss under Rule 41(a)(2) and instead rule on NASSCO's pending motion to dismiss under Rule 12(b)(6).  In the alternative, NASSCO invites the Court to exercise its discretion under Rule 41(a)(2) and treat Martinez's motion as a request for dismissal, <u>with prejudice</u>, because to do otherwise would prejudice NASSCO and reward Martinez's attorneys for serially bringing and dismissing class claims before receiving a binding, dispositive ruling.

Dated:  January 4, 2021

PAUL, PLEVIN, SULLIVAN & CONNAUGHTON LLP

By: /s/ *Evan A. Peña*
E. JOSEPH CONNAUGHTON
EVAN A. PEÑA
KELLY E. KAGAN
Attorneys for Defendant National Steel and Shipbuilding Company