UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DREW MARTINEZ, on behalf of himself, and on behalf of all persons similarly situated,<br><br>　　　　　　　　　　　Plaintiffs,<br><br>v.<br><br>NATIONAL STEEL AND SHIPBUILDING COMPANY, and DOES 1 through 50, Inclusive,<br><br>　　　　　　　　　　　Defendants. | Case No.: 21-cv-00665-AJB-DEB<br><br>**ORDER:**<br><br>**(1) DISMISSING CASE WITHOUT PREJUDICE PURSUANT TO PLAINTIFF'S NOTICE OF VOLUNTARY DISMISSAL**<br>**(Doc. No. 32); and**<br><br>**(2) DENYING AS MOOT ALL OTHER PENDING MOTIONS**<br>**(Doc. Nos. 8, 18, 29)** |

**I.　BACKGROUND**

Before the Court is Plaintiff Drew Martinez's ("Plaintiff") notice of voluntary dismissal pursuant to Federal Rule of Civil Procedure ("Rule") 41(a)(1)(A)(i). (Doc. No 32.) Defendant National Steel and Shipbuilding Company ("Defendant" or "NASSCO") argues that Plaintiff cannot avail himself of voluntary dismissal under that rule because Plaintiff has treated Defendant's previously filed motion to dismiss as a motion for summary judgment. (Doc. No. 33 at 11.) The Court disagrees.

1

## II. DISCUSSION

Rule 41(a)(1)(A)(i) provides, in pertinent part, that "the plaintiff may dismiss an action without a court order by filing . . . a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." Fed. R. Civ. P. 41(a)(1)(A)(i). Here, the opposing party has not served either an answer or a motion for summary judgment. To be sure, Defendant has filed and served a motion to dismiss. (Doc. No. 8.) Such a motion, however, is not the same as a motion for summary judgment and will not deprive a plaintiff of voluntary dismissal under Rule 41(a)(1)(A)(i). *See Concha v. London*, 62 F.3d 1493, 1506 (9th Cir. 1995) ("Even if the defendant has filed a motion to dismiss, the plaintiff may terminate his action voluntarily by filing a notice of dismissal under Rule 41(a)(1).").

Defendant's only argument against the applicability of Rule 41(a)(1)(A)(i) is that Plaintiff "effectively converted" Defendant's motion to dismiss by repeatedly referring to it as a motion for summary judgment in his opposition brief. (Doc. No. 33 at 11–12.) The argument is disingenuous at worst—misleading at best. The brief plainly states, "Plaintiff further request[s] that this Action **NOT** be converted from a 12(b)(6) motion into a dispositive motion because Plaintiff has been deprived of the ability to conduct discovery and present all material evidence to challenge Defendant's motion." (Doc. No. 16 at 12 (emphasis in original).) A fair reading of Plaintiff's opposition makes clear that Plaintiff challenged Defendant's use of extrinsic evidence in support of its Rule 12(b)(6) motion to dismiss and requested that the Court not rely on such evidence and not convert the motion into one for summary judgment. (*Id.* at 7, 11.) To the extent Plaintiff referred to the summary judgment standards in his opposition brief, he did so, as an alternative argument, in the event the Court relies on Defendant's extrinsic evidence. (*Id.* at 22.) Based on the foregoing, the Court rejects Defendant's claim that Plaintiff effectively converted its motion to dismiss into a motion for summary judgment.

Additionally, "[a] Rule 12(b)(6) motion to dismiss supported by extraneous materials cannot be regarded as one for summary judgment until the district court acts to

convert the motion by indicating, preferably by an explicit ruling, that it will not exclude those materials from its consideration." *Swedberg v. Marotzke*, 339 F.3d 1139, 1146 (9th Cir. 2003). "Until the district court has so acted, a plaintiff is free to file a proper notice of dismissal pursuant to Rule 41(a)(1)." *Id.* The Court has taken no such action in this case. Thus, because Defendant has not served an answer or motion for summary judgment in this case, and the Court has not converted Defendant's motion to dismiss into one for summary judgment, Plaintiff is free to file a notice of voluntary dismissal pursuant to Rule 41(a)(1)(A)(i). *See id.*

## III. CONCLUSION

For the reasons stated herein and by operation of Plaintiff's voluntary dismissal pursuant to Rule 41(a)(1)(A)(i), this case is **DISMISSED WITHOUT PREJUDICE**. (Doc. No. 32.) All other pending motions are **DENIED AS MOOT**.[1] (Doc. Nos. 8, 18, 29.) The Clerk of Court is instructed to **VACATE** all previously scheduled hearing dates and **CLOSE** this case.

**IT IS SO ORDERED**.

Dated: January 14, 2022

Hon. Anthony J. Battaglia
United States District Judge

---

[1] These include Defendant's motion to dismiss for failure to state a claim and to compel arbitration (Doc. No. 8), Plaintiff's motion to remand to state court (Doc. No. 18), and Plaintiff's motion to dismiss without prejudice (Doc. No. 29).